[No. 19087.    Department One. — January 21, 1893.]

J. V. HICKS, RESPONDENT, *v.* JOHN H. FOLKS, SHERIFF OF SAN DIEGO COUNTY, APPELLANT.

SHERIFF — CUSTODY OF PRISONERS — WORKING PRISONERS UNDER ORDER OF SUPERVISORS. — Sections 1613 and 1614 of the Penal Code, which provide that certain prisoners may be required to labor on the public works or ways in the county by an order of the board of supervisors, and the County Government Act (Laws 1891, p. 306, sec. 25, subd. 30), which confers authority upon the board of supervisors of a county "to provide for the working of prisoners," do not impose upon the sheriff any duties in addition to the general duties prescribed by section 1600 of the Penal Code and section 4176 of the Political Code, in relation to the custody of prisoners, and do not make it the duty of the sheriff to keep the prisoners in his immediate custody while they are at labor.

ID. — CUSTODY BY OVERSEER OF WORK — MANDAMUS. — The authority conferred by the County Government Act (Laws 1891, p. 306, sec. 25, subd. 30) upon the board of supervisors of a county "to provide for the working of prisoners" upon public works or ways, "under the direction of some responsible person," includes the custody of the prisoners while absent from the jail, by the "responsible person" under whose direction they are required to labor, and they may be taken out of the custody of the sheriff for such purpose; and upon a refusal by the sheriff to deliver such prisoners to a person duly appointed overseer of them, he may be required to do so by a writ of mandate.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Copeland & Daney,* for Appellant.

*Hunsaker, Britt & Goodrich,* for Respondent.

Haynes, C. — Appeal from a judgment granting a writ of mandate.

The board of supervisors of San Diego County passed an order providing for the working of prisoners thereafter committed to the jail of said county under judgment of conviction of a misdemeanor, under the direction of a responsible person, upon public roads and other places mentioned in the order, and appointing respondent overseer of such prisoners, with authority to receive them from and return them to the sheriff, and making him their "legal custodian" while at work, and going and returning therefrom.

After respondent was appointed, he demanded of the sheriff that he deliver to him such prisoners as were required by the order to perform such labor, for the purpose required by the order, but appellant refused to do so.

An alternative writ of *mandamus* was granted and duly served, and appellant appeared and demurred to the petition. The demurrer was overruled, and appellant electing to stand on his demurrer, a peremptory writ was granted.

Appellant's contention is, that the sheriff is the only legal and proper custodian of prisoners confined in the county jail, and cites section 4176, subdivision 6, of the Political Code, which provides that "the sheriff must . . . . take charge of and keep the county jail and the prisoners therein." The power of the board of supervisors to provide for the working of such prisoners is not questioned, but appellant insists that they cannot be taken out of the custody of the sheriff for such purpose; that the words "under the *direction* of some responsible person," as used in the County Government Act (Laws 1891, p. 306, sec. 25, subd. 30), do not mean in his *custody*. Appellant also cites a part of section 1600 of the Penal Code, that "a prisoner . . . . must be actually confined in the jail until he is legally discharged." This section prescribes the general duty of

the sheriff in relation to prisoners; and whether the last clause of the section is a modification which would include the order of the board of supervisors, it is not necessary to determine, inasmuch as sections 1613 and 1614 of the Penal Code expressly provide that certain prisoners may be required to labor on the public works or ways in the county by an order of the board of supervisors. (See also Laws 1891, p. 306, sec. 25, subd. 30.)

Appellant's contention cannot be sustained. These statutes do not impose any additional duties upon the sheriff. If it were intended that prisoners while at labor should be in the immediate custody of the sheriff, it is reasonable to suppose the statute would have said so. The authority given the board of supervisors is broad enough to include the custody of the prisoners while absent from the jail, and indeed the custody by the "responsible person" under whose direction they are required to labor is essential to their profitable employment. It does not follow from the fact that they are such officers that the sheriff or any of his deputies are suitable persons to direct such labor; whilst it is undoubtedly competent for the legislature to commit the custody of this class of prisoners for such special purposes to a person selected by the board of supervisors.

The authority conferred upon the board of supervisors "to provide for the working of prisoners" includes all that is required to prevent escapes, as well as the direction of their labor. Any other construction would, at the pleasure of the sheriff, defeat the operation of the statute, since the statute neither requires the sheriff to perform this duty, nor authorizes the board of supervisors to compel him to perform it. Their custody as well as direction while at work is confined to some "responsible person" by contract, and not by arbitrary direction. The sheriff might be selected for such purpose, but could not be required to perform the duty, except as the result of a contract voluntarily made by him.

The judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., PATERSON, J.