[Crim. No. 1563.   First Appellate District, Division Two.—February 7, 1930.]

THE PEOPLE, Respondent, v. RUSSELL SMITH, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of violating section 106 of the Penal Code and has appealed from the judgment.

On May 25, 1925, the defendant was convicted of robbery in the second degree and was given an indeterminate sentence under section 1168 of the Penal Code. Thereupon he was sent to San Quentin. On August 13, 1927, the board of prison directors fixed the term of the defendant at ten years. On February 2, 1928, the defendant made an application to be sent to one of the road camps. On April 16, 1928, he was sent to "Camp 15." On September 16, 1928, the records show he escaped. It was that escape which the district attorney charged in the information on file in this action.

The defendant contends that the evidence is insufficient to show (1) that the defendant was, prior to the filing of this information, committed to a state prison for a term less than life; (2) that he escaped while under the surveillance of a prison guard; (3) to identify him with the person who was convicted of robbery; and (4) to show that the defendant was under any surveillance. All of these attacks except the third rest on the construction which the defendant places on the statute and the information which purports to plead the provisions of the statute. The defendant calls attention to the fact that the judgment entered in Los Angeles County was for robbery in the second degree. He then asserts that he was sent to prison for a life term (Pen. Code, sec. 671) as distinguished from a term for less than life. In making this contention the defendant claims that in every instance under the Indeterminate Sentence Law the defendant is sent to prison for

the maximum term. (*In re Lee,* 177 Cal. 690 [171 Pac. 958].) Conceding that for certain purposes such is the rule we think that even the defendant must concede that the very nature of the new statute is that it provides that every sentence will be indeterminate. ■ So far as the facts of this case are concerned, the sentence was required to be, and in fact was, indeterminate when the trial judge rendered the sentence. It is equally clear that thereafter when the board of prison directors fixed the term, the sentence which was theretofore indeterminate became determinate. All of these facts had transpired before the defendant was sent to camp 15. As stated above, the indeterminate sentence was imposed on May 25, 1925. If, on a subsequent day he had been pardoned, thereafter his status would not be that of a prisoner "committed for life" or for any other term. Likewise, when on August 13, 1927, the board of prison directors fixed his term at ten years thereafter he was a "prisoner committed to the state prison of the State of California at San Quentin for a term less than for life."

■ In asserting that when the defendant escaped he was not "under the surveillance of a prison guard," the defendant uses the words "prison guard" as meaning the position or office which exists at each of the prisons. There is nothing in the Penal Code, section 106, showing that the words were so limited and there is nothing in chapter 316 of the Statutes of 1923 showing that when in road camps the prisoners are to be guarded by or under the surveillance of persons holding appointments as "prison guards." However, at such times and places, the prisoners are to be under surveillance.

■ In claiming that the evidence is insufficient to identify the defendant with the person who was convicted of robbery in the second degree, the defendant does not quote the record and does not cite any authorities sustaining the point, therefore we pass on.

■ The trial court gave an instruction on flight. The defendant contends the instruction should not have been given. In effect he concedes that the law was stated correctly in the instruction, but that the subject matter was not pertinent to the case on trial. As the gravamen of the charge under investigation was flight, it is not clear why

the law on that subject was not pertinent. The defendant cites no authority supporting his contention.

The trial court gave an instruction defining "a term less than life" within the meaning of section 106 of the Penal Code. The defendant claims the instruction was erroneous. If our construction of the statute as above set forth is correct, and we have no doubt but what it is, then there was no error in the instruction.

We find no error in the record.

The judgment is affirmed.

Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 21, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1930.

All the Justices present concurred.