[Crim. No. 1503.    Fourth Dist.    Aug. 13, 1959.]

THE PEOPLE, Respondent, v. DONALD LILYROTH, Appellant.

Donald Lilyroth, in pro. per., and John B. Morgan, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment upon a jury verdict of guilty of the crime of escape, a violation of section 4532 of the Penal Code. Defendant had pleaded not guilty and "Not guilty by reason of insanity" and at a jury trial was found guilty of the offense charged and was found to be sane at the time of its commission. The evidence indicates that defendant was convicted of a misdemeanor violation of section 12025 of the Penal Code, carrying a concealed weapon, and was committed to the custody of the sheriff of Riverside County for a term of six months. It was determined that he would be confined at the Industrial Road Camp at Banning, California, where he was assigned to work under the supervision of Mr. Rose, an employee of the Riverside County Road Department and not a deputy sheriff. On November 25, 1957, 12 days after defendant's conviction and sentencing, Mr. Rose took his group of prisoners out to work on the road in a truck which had been converted for use in transporting prisoners. It appears that other crews in custody of deputy sheriffs also were sent to the same project. After completing their day's work the prisoners, defendant among them, were reloaded on the truck and Mr. Rose drove the truck back to the industrial road camp. While the truck was proceeding along the highway, Mr. Rose heard a noise from the rear and some shouting. He stopped the truck and as he did so he saw the back of a man running through the brush. A roll call was taken and defendant was discovered to be absent although he had not been given permission to leave by anyone in a position to authorize his departure. Mr. Rose was responsible for the custody of prisoners while transporting them.

Defendant seeks a reversal on three grounds: (1) That he was not in lawful custody at the time of the alleged escape because he was under the control of an employee of the county road department who was not a special deputy sheriff; (2) If section 4532 of the Penal Code is construed as prohibiting escape from the control of a county employee who is not a special deputy sheriff, the statute is unconstitutional because it would permit the sheriff to establish a system of "peonage";

and (3) That the evidence of defendant's being lawfully confined at the time of his alleged escape was insufficient.

▆ In the early case of *Hicks* v. *Folks* (1893), 97 Cal. 241 [32 P. 8], the Supreme Court resolved the conflict between then section 4176, subsection 6 of the Political Code (now Gov. Code, § 26605) and then sections 1613 and 1614 of the Penal Code (now Pen. Code, §§ 4017, 4018). The former section generally provides that the sheriff shall take charge of the county jail and custody of the prisoners in it and the latter sections provide that the county board of supervisors may require certain prisoners to work on the public roads or ways in the county. The court said "These statutes do not impose any additional duties on the sheriff. If it were intended that prisoners, while at labor, should be in immediate custody of the sheriff, it is reasonable to suppose the statute would have said so. The authority given the board of supervisors is broad enough to include the custody of the prisoners while absent from the jail . . ." In *People* v. *Vanderburg,* 67 Cal.App. 217 [227 P. 621], it was held that although a person having custody of prisoners was paid by the Highway Commission he was a prison guard where he was under the control of prison authorities and responsible for the custody of the prisoners who worked under his direction. See also *People* v. *Johnson,* 67 Cal.App. 680 [228 P. 357], and *People* v. *Smith,* 103 Cal. App. 747 [284 P. 1066]. Section 4532 of the Penal Code provides: "Every prisoner . . . convicted of a misdemeanor who is confined in any . . . industrial road camp . . . and who thereafter escapes or attempts to escape from such . . . industrial road camp or from the custody of the officer or *person* in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or *person* in whose lawful custody he is, is guilty of a felony . . ." Defendant's contention that to be unlawful an escape must consist of an unauthorized departure from the immediate presence and custody of the sheriff or his deputy must be rejected as being contrary to the plain meaning of the statute.

▆ Defendant's second contention that if section 4532 of the Penal Code is interpreted to authorize the granting of custody of a prisoner to one other than a sheriff for purposes of having a prisoner engage in public works the statute in question is unconstitutional in that it creates a system of peonage is similarly without merit. In *People* v. *Doetschman* (1945), 69 Cal.App.2d 486 [159 P.2d 418], this court held that the statutes providing for establishment of industrial

road camps were constitutional and not discriminatory. The reasons for county industrial road camps are aptly described in Penal Code, section 4100: "It is the purpose of this article to make possible the substitution of constructive labor for profitless prison confinement in order that those who are charged with or convicted of public offenses and deprived of their liberty may become better citizens because of their disciplinary experience."

The county board of supervisors does not have unrestrained power to dispose of prisoners but has only the authority which is vested in them by law. Statutory provision is made for compensation of each prisoner in custody on any industrial farm or industrial road camp for each day's work done by him and it is provided that so far as practical those in custody on an industrial farm shall be employed in productive labor. The products of the labor so employed are to be used on the industrial farm or to supply other county institutions or persons with whose relief and support the county is charged. (Pen. Code, § 4100 et seq.; § 4200 et seq.)

Defendant's remaining contention is similarly without merit. The evidence of the legality of defendant's sentencing on the prior charge and confinement at the time of his escape is ample and unchallenged in the record. The regularity of the actions of prison administrators in transferring a prisoner from one prison to another does not affect the legality of the original commitment. (*People* v. *French,* 61 Cal.App. 275 [214 P. 1003]; *People* v. *Hadley,* 88 Cal.App.2d 734 [199 P.2d 382].) It is presumed that an official duty has been regularly performed. (Code Civ. Proc., § 1963.) Here there is no evidence indicating that defendant's confinement was other than lawful.

The cases of *Johnson* v. *Zerbst,* 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357], and *Smith* v. *O'Grady,* 312 U.S. 329 [61 S.Ct. 572, 85 L.Ed. 859], cited in defendant's brief, involve the defendant's right to counsel under the Sixth and Fourteenth Amendments to the federal Constitution, and are not in point in this case.

The judgment is affirmed.

Mussell, J., and Shepard, J., concurred.