[No. S030253. Dec. 9, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE TENNER, JR., Defendant and Appellant.

## COUNSEL

Alison Minet Adams, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter, David Glassman and Mitchell Keiter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

PANELLI, J.—We granted review in this case to resolve a conflict among the Courts of Appeal on the question whether an abstract of judgment and a state prison commitment form, considered in light of the unrebutted presumption that an official duty is regularly performed (Evid. Code, § 664), constitute sufficient evidence to support a finding that a defendant completed a prior prison term for purposes of imposing the one-year enhancement provided in Penal Code section 667.5. We conclude that this evidence suffices to prove the defendant completed a prior prison term. Accordingly, the judgment of the Court of Appeal is reversed.

Defendant Willie Tenner, Jr., was convicted on his plea of guilty to sale of cocaine (Health & Saf. Code, § 11352, subd. (a)). The trial court sentenced

him to a term of eight years' imprisonment, finding that he had suffered a prior narcotics-related felony conviction (Health & Saf. Code, § 11370.2, subd. (a)) and a prior felony conviction for which he had served a prison term (Pen. Code, § 667.5, subd. (b)). In support of the latter finding, the People had introduced into evidence an abstract of judgment and a state prison commitment form in case No. CR 24207, dated April 6, 1989. The documents showed that defendant pleaded guilty to one count of sale of cocaine and admitted two prior convictions; that he was sentenced to prison for three years; and that the sheriff was ordered to transport him forthwith to the correctional facility at Chino.

Defendant appealed, arguing that the evidence did not support the finding of the prior completed prison term within the meaning of Penal Code section 667.5, subdivision (b). The Court of Appeal agreed, and modified the judgment to strike the enhancement under that statute. The People sought our review.

Penal Code section 667.5 provides, in relevant part, as follows: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] . . . . [¶] (b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Subdivision (a) provides for a three-year enhancement when both the new offense and the prior conviction were among the violent felonies listed in subdivision (c), subject to a ten-year washout period.)

The statute defines a prior separate prison term as "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration." (Pen. Code, § 667.5, subd. (g).) The defendant is "deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense." (Pen. Code, § 667.5, subd. (d).)

█ Imposition of a sentence enhancement under Penal Code section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. (*People* v. *Elmore* (1990) 225 Cal.App.3d 953, 956-957 [275 Cal.Rptr. 315].) █ The only element argued below, and thus properly before us now, is the sufficiency of proof of the third element: defendant's completion of a prior prison term.[1]

The Legislature has provided that what is commonly known as a "prison packet" (i.e., records maintained by the institution where the defendant was incarcerated, or certified copies thereof) may be introduced as prima facie evidence that the defendant served a term of imprisonment. (Pen. Code, § 969b.) No statute *requires* the prosecution to produce the prison packet, however, and it was not offered into evidence in this case.

Instead, the prosecution offered a copy of the abstract of judgment and form of commitment to state prison to support the Penal Code section 667.5 enhancement. Defendant urges these documents cannot constitute proof beyond a reasonable doubt that he completed the prior prison term. The People take the contrary position.

The Courts of Appeal have divided on the question before us. In the earliest decision to address the issue, *People* v. *Green* (1982) 134 Cal.App.3d 587 [184 Cal.Rptr. 652], a majority of the Court of Appeal for the Fifth District held that proof consisting of (1) an abstract of judgment, (2) a county jail release slip showing defendant's release to a transportation officer en route to state prison, and (3) a receipt for records mailed to the defendant in prison could not support the enhancement for service of a prior prison term. The evidence did establish that the defendant was convicted, sentenced to prison, and imprisoned, the majority reasoned, but it failed to show that when he committed the current offense the period of prison incarceration had been completed. (*Id.* at pp. 592, 597.) Justice Andreen dissented. He noted that the proof offered to establish the defendant's

---

[1]The trial court concluded there was insufficient evidence to find that defendant had suffered a 1985 conviction for burglary in Los Angeles, in part because the defendant named in that case was "Willie Tanner" (not defendant's real name, although an alias he used). Without citation of authority, defendant now argues there was insufficient proof that he committed the 1989 Ventura County felony for which he was sent to prison, in that his denial of the enhancement allegation necessarily operated as a denial that he was the person named in the abstract of judgment and commitment form. We disagree. The issue of defendant's identity as the subject of the 1989 proceedings was not disputed below, nor is it seriously questioned here.

completion of a prior prison term was no weaker than the proof which this court implicitly held sufficient to support a finding, under a statutory predecessor to Penal Code section 667.5, that a defendant had served a prior term in a penal institution. (*Id.* at p. 600 (dis. opn. of Andreen J.), citing *People* v. *McKinley* (1934) 2 Cal.2d 133, 135-136 [39 P.2d 411] [proof consisting of certified copy of judgment of Oklahoma conviction, defendant's fingerprints and photographs, and affidavit that judgment of conviction accompanied defendant at time he was committed to Oklahoma state prison].)

The approach taken by the majority in *People* v. *Green, supra,* 134 Cal.App.3d 587, was followed in *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840]. At trial in the latter case, the prosecution offered abstracts of judgment of the defendant's two prior felony convictions. The Court of Appeal for the Second District, Division Six, held that the abstracts constituted prima facie evidence that the defendant had suffered two prior felony convictions. (*Id.* at p. 459.) The *Jones* court held further that the dates of those convictions, coupled with the date of the new offense, constituted prima facie evidence that defendant did not remain free for five years from further offense and custody. (*Ibid.*) The court observed that, in light of the sheriff's statutory duty to transport sentenced persons to state prison (Pen. Code, § 1216), and the presumption that an official duty has been regularly performed (Evid. Code, § 664), the element of imprisonment could have been established evidentially with the portion of the abstract of judgment/commitment form that remanded the defendant to the custody of the sheriff, to be delivered to the custody of the corrections director at the named facility. (*People* v. *Jones, supra,* 203 Cal.App.3d at pp. 459-460.) However, despite its acknowledgment of the official duty presumption, the *Jones* court found no evidence that the defendant had actually served and completed the terms imposed. (*Id.* at p. 460.)

In *People* v. *Castillo* (1990) 217 Cal.App.3d 1020 [266 Cal.Rptr. 271], the Court of Appeal for the Fourth District, Division One, rejected the reasoning of *People* v. *Jones, supra,* 203 Cal.App.3d 456. At trial on defendant Castillo's priors, the People introduced evidence consisting of the abstract of judgment of a 1980 conviction of burglary and additional documents reflecting a 1982 burglary conviction. The Court of Appeal stated: "From this evidence, the court could reasonably infer Castillo had served his prison term for the 1980 conviction. Nothing in the record indicates Castillo escaped from prison or was otherwise released before his sentence had been served. We conclude the evidence was sufficient to support the court's finding Castillo served a completed term of imprisonment for his second prior conviction." (*People* v. *Castillo, supra,* 217 Cal.App.3d at pp. 1024-1025.)

In *People* v. *Crockett* (1990) 222 Cal.App.3d 258 [271 Cal.Rptr. 500], the Court of Appeal for the Second District, Division Five, followed *People* v. *Castillo, supra*, 217 Cal.App.3d 1020, disagreeing with *Jones* and *Green*. The *Crockett* court observed that, as a practical matter, a defendant properly sentenced and delivered to prison will always complete a prison term unless something unusual occurs, such as escape. (*People* v. *Crockett, supra*, 222 Cal.App.3d at p. 265.) Abstracts of judgment in matters imposing imprisonment in state prison are orders sending the defendant to prison and imposing on the warden the duty to carry out the punishment. (*Id.* at p. 266.) The usual rules of evidence govern factual determinations under Penal Code section 667.5. Consequently, the rebuttable presumption that an official duty has been regularly performed (Evid. Code, §§ 660, 664), which has been applied in a variety of criminal law contexts, can—in the absence of evidence to the contrary—support the inference that the defendant served and completed the term of imprisonment, the *Crockett* court reasoned. (*People* v. *Crockett, supra*, 222 Cal.App.3d at p. 266.)

At the trial in *People* v. *Crockett, supra*, 222 Cal.App.3d 258, in order to prove the defendant's prior convictions, the prosecution adduced certified copies of docket sheets, along with judicial files containing abstracts of judgment indicating that the defendant was remanded to the sheriff's custody to be delivered to the reception and guidance center at Chino to carry out the sentence. One of the court files also contained an official record from the Department of Justice, entitled "Notice of Registration" and dated March 31, 1988, indicating that the defendant was incarcerated and expected to be released on parole on May 30, 1988. Defendant urges that the presence of the latter document distinguishes *Crockett* from the present case. But there appears no logical basis on which to infer that a prisoner completed the last two months of his sentence, if the inference that he completed his term cannot similarly be drawn from the papers committing him to prison.

The Court of Appeal for the First District, Division Four, followed the *Castillo* and *Crockett* decisions in *People* v. *Elmore, supra*, 225 Cal.App.3d 953. At the trial in *Elmore*, the prosecution relied on abstracts of judgment to prove that the defendant completed two prior prison terms. Additionally, the defendant testified during the trial of the underlying charge regarding the dates of the felonies for which he previously had been convicted. The *Elmore* court found *Crockett* more persuasive than *Jones* and *Green*. (*People* v. *Elmore, supra*, 225 Cal.App.3d at p. 959.) It inferred from the abstract of judgment that Elmore was actually incarcerated for his December 1978 offense, and reasoned that in order for him to have committed the current offense, he must have been out of custody following his incarceration on that

offense. From that evidence, the *Elmore* court concluded, the trial court could reasonably infer that the defendant had served his prison term. (*Id.* at p. 958.)

We believe *Castillo, Crockett,* and *Elmore* correctly apply the law of this state. The admission into evidence of an abstract of judgment and commitment form, considered in light of the official duty presumption (Evid. Code, § 664), supports an inference that the official into whose custody defendant was placed upon imposition of sentence regularly performed his or her duty to convey the defendant to prison (Pen. Code, § 1216). It is likewise reasonable to infer that prison officials regularly performed their duty to see that defendant's sentence was carried out. These reasonable inferences, together with evidence indicating that defendant was out of custody when he committed the later offense, support a finding that defendant completed a prior prison term. As the *Crockett* court observed, a defendant properly sentenced and delivered to prison will, as a practical matter, always complete a prison term unless something unusual occurs. (*People* v. *Crockett,* *supra,* 222 Cal.App.3d at p. 265.) It is therefore rational to infer the ultimate fact of completion of the prison term from the existence of the documents reflecting the defendant's commitment to prison. (See *Tot* v. *United States* (1943) 319 U.S. 463, 466-468 [87 L.Ed. 1519, 1523-1525, 63 S.Ct. 1241] [a rational connection must exist between the fact proved and the ultimate fact presumed].) Were we to decline to permit the trier of fact to infer the completion of the prison term from the abstract of judgment and commitment form, we would essentially be creating a new rule of evidence peculiar to the trials of enhancement allegations under Penal Code section 667.5.[2]

Defendant cites Penal Code section 2900 as support for his contention that an abstract of judgment and commitment form cannot give rise to the inference that he completed a prior prison term. We do not view this statute, which defines when a term of imprisonment begins, as directly relevant to this question.

■ Due process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt. (*People* v. *Young* (1987) 192 Cal.App.3d 812, 818 [237 Cal.Rptr. 703]; see *Martin* v. *Ohio* (1987) 480 U.S. 228, 231-236 [94 L.Ed.2d 267, 272-275, 107 S.Ct. 1098]; Pen. Code, § 1096.) This cardinal principle of criminal jurisprudence is not offended by application of the official duty presumption in

---

[2]*People* v. *Green, supra,* 134 Cal.App.3d 587, and *People* v. *Jones, supra,* 203 Cal.App.3d 456, are disapproved to the extent they are inconsistent with the views we express in this decision.

this case. (Cf. *People* v. *Lilyroth* (1959) 173 Cal.App.2d 94, 97 [342 P.2d 525] [the element of lawful confinement in a charge of escape from an industrial road camp was established by evidence of the legality of defendant's sentencing and commitment to the custody of the county sheriff; the official duty presumption supported an inference of the regularity of actions taken by prison administrators in transferring prisoners, in the absence of evidence indicating the defendant's confinement was unlawful.].) The presumption is not mandatory; a defendant remains free to present evidence raising a doubt as to whether he in fact completed his term of imprisonment.[3]

■   Our function, as an appellate court, has been to review the record in the light most favorable to the judgment (*People* v. *Green* (1980) 27 Cal.3d 1, 55 [164 Cal.Rptr. 1, 609 P.2d 468]) to determine whether substantial evidence supports the fact finder's conclusion, i.e., whether a reasonable trier of fact could have found that the prosecution had sustained its burden of proving the defendant guilty beyond a reasonable doubt (*People* v. *Elmore*, *supra*, 225 Cal.3d at p. 960). Although we have held that the abstract of judgment and commitment form can suffice as proof under Penal Code section 667.5, we do not encourage prosecutorial reliance solely on that document. When the prison packet is available (see Pen. Code, § 969b), the better practice certainly is to introduce it in evidence. That said, however, we conclude that the prosecution met its burden with the evidence adduced in this case.

### DISPOSITION

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Arabian, J., Baxter, J., and George, J., concurred.

---

[3]In an appropriate case, for example, the defendant might show that his sentence in the prior case was recalled pursuant to Penal Code section 1170, subdivision (d), so that he did not complete the prison term to which he was originally sentenced. Or a defendant might be able to show that his earlier conviction was reversed on appeal and that he did not in fact complete a prison term in connection with that conviction. We note, however, that a prior conviction is presumptively valid (*Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1303 [276 Cal.Rptr. 49, 801 P.2d 292]), and the burden consequently falls on the defendant to adduce evidence raising a doubt as to whether a prior conviction was reversed.

The parties dispute whether Penal Code section 667.5 should be interpreted to allow imposition of the enhancement in the case of a defendant whose prior term of imprisonment was abbreviated by escape from custody, despite the fact that its literal terms do not seem to provide for such a result. Since there is no evidence that defendant Tenner ever escaped from custody, we need not decide the issue. However, we note that it would not necessarily be irrational for the Legislature to devise separate penalties for the crime of escape (see Pen. Code, §§ 4530, 4532), while reserving the section 667.5 enhancement for felons who have completed a term of imprisonment but demonstrate their failure to absorb the penal message by committing further crimes.

MOSK, J.—I dissent. I agree with the Court of Appeal in this case, and with the courts in *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840] and *People* v. *Green* (1982) 134 Cal.App.3d 587 [184 Cal.Rptr. 652], that an abstract of judgment may not be converted, through operation of the official duty presumption (Evid. Code, § 664), into proof that defendant completed a prior prison term for purposes of sentence enhancement under Penal Code section 667.5.

The official duty presumption has been used typically in order to prove trivial inferences made from well-established facts. For example, the official duty presumption may be used to prove that a prisoner who was duly sentenced and incarcerated was lawfully confined. (*People* v. *Lilyroth* (1959) 173 Cal.App.2d 94, 97 [342 P.2d 525].) Or it may be used to establish that a prisoner redelivered to the state by federal authorities was properly and lawfully delivered. (*People* v. *Stoliker* (1961) 192 Cal.App.2d 263, 267 [13 Cal.Rptr. 437] [applying the predecessor statute, Code Civ. Proc., § 1963, subd. 15].)

In this case, however, the majority would permit the unwarranted expansion of the official duty presumption. They would allow the presumption, in combination with documents that show that defendant had been delivered to prison after being duly convicted, to prove that a prisoner actually completed his prison term. Yet the interval between the defendant's delivery to prison, and the time when a prisoner's service is deemed to be completed is usually measured in years. During that time numerous events may occur which could interrupt the completion of the prison sentence, and thus change the nature of his warden's official duty. For example, the defendant's sentence may be recalled under Penal Code section 1170, subdivision (d), or it may be reversed on appeal; defendant may receive a pardon or commutation, or he may escape.

Therefore, while the abstract of judgment and commitment form, together with the official duty presumption, can be used to prove that the defendant was indeed properly incarcerated, use of these documents to prove that defendant actually completed his prison term would enlarge the reach of the official duty presumption beyond the extremely modest evidentiary role it was intended to perform, thereby relieving the prosecutor of the burden of proving an element of the enhancement. It is extremely dubious that the Legislature intended the official duty presumption to be used in this expansive manner, especially given that it has already provided the prosecution with the readily available means to prove the completion of defendant's prison term in the form of a prison packet (Pen. Code, § 969b).

For all of the foregoing, I would affirm the judgment of the Court of Appeal.

Kennard, J., concurred.