Filed 4/8/14  P. v. Ketchens CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058550 |
| v. | (Super.Ct.No. BLF004760) |
| STEVEN KETCHENS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge. Affirmed as modified.

Helen Irza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Steven Ketchens appeals after he was convicted by a jury in 2008 of several offenses for possession of drugs in prison. He was sentenced as a third striker, because he had five prior strike convictions based on robberies of five victims in a fast food restaurant for which he was convicted in 2004. He contends that the trial court erred in imposing a prior prison term enhancement with respect to the new drug offenses, because no such enhancement was pleaded or proven in the case. Defendant also contends that the court should have stayed the sentences on all but one of the new drug offenses, because all the new offenses were related. The People concede both points. We modify the judgment as requested, and affirm.

FACTS AND PROCEDURAL HISTORY

Defendant had a history of several misdemeanor offenses: he was convicted of contempt in 2000; on August 26, 2002, he was convicted of driving without a license; and, on August 28, 2002, he was convicted of driving with a suspended or revoked license. Then, in March 2004, defendant was convicted of five felony counts of robbery, arising from an incident in which he robbed five victims at a fast food restaurant. He was also found to have personally used a firearm in the commission of the robbery offenses. Defendant was still on probation for his 2002 convictions at the time he committed the robberies. Each of the five robbery convictions constituted a strike conviction. In June 2004, the court sentenced defendant to 13 years in state prison: three years for the principal count, plus 10 years for the firearm use enhancement. Sentences on the other counts were run concurrent to the principal count.

2

In 2007, defendant was processing out of a family visitation unit when he was found to have some marijuana, methamphetamine, and cocaine. He was charged with one count of possessing unlawful substances in state prison (Pen. Code, § 4573.6), and one count each of possession for sale of the illegal substances: methamphetamine (Health & Saf. Code, § 11378) (count 2), cocaine (Health & Saf. Code, § 11351) (count 3), and marijuana (Health & Saf. Code, § 11359) (count 4). The information also alleged five strike priors, for the 2004 robberies. Finally, the information also alleged that defendant had been convicted of two or more prior felonies (the five robberies, with use of a firearm as to each), for purposes of Penal Code section 1203, subdivision (e)(4); that is, the information alleged that defendant was ineligible for probation.

A jury trial on the drug charges took place in 2010. The jury convicted defendant on all four counts. At a separate bench trial on the priors, the court found all five strike prior allegations to be true. Defendant was sentenced in October 2010 under the provisions of the "Three Strikes" law in effect at that time. The court sentenced defendant to a term of 25 years to life for each of the four drug offenses. The court selected count 1 (possession of illegal substances in a prison) as the principal offense. The terms on the remaining three counts (possession for sale as to each drug) were to run concurrently to the sentence in count 1.

In November of 2012, the voters passed Proposition 36, the Three Strikes Reform Act of 2012 (Reform Act). Defendant filed a petition to recall his sentence and for resentencing, pursuant to the Reform Act (Pen. Code, § 1170.126). The trial court

3

granted a hearing on defendant's petition and found him eligible for resentencing. The court vacated defendant's indeterminate life sentences on the four drug charges, and, on February 22, 2013, resentenced defendant as follows:

The court imposed the aggravated term of eight years (four years, doubled) on count 1, deemed the principal count. The court explained that it selected the aggravated term on count 1, because the offense involved possession of multiple controlled and contraband substances in a jail setting. Even though defendant had claimed that he intended to pass the drugs to his wife for his nephew to sell outside of prison, the court took notice that each of the drugs had a significantly higher value inside the prison than their sale value on the street, so the court found defendant's explanation "lack[ed] trustworthiness." The court also imposed a middle term sentence of two years (doubled to four years) on count 2 (possession of methamphetamine for sale), a middle term of three years (doubled to six years) on count 3 (possession of cocaine for sale), and a middle term of two years (doubled to four years) on count 4 (possession of marijuana for sale), all to run concurrently to the sentence in count 1. The court then added a "one-year status enhancement under Penal Code section 667.5 subsection (b)," ostensibly "[b]ecause of your prior conviction."[1] The enhancement term was ordered to run

---

[1] In the clerk's minutes, the orders respecting the enhancement are recorded as: "Sentence previously imposed is vacated on Enhancement AB in Count 4. [¶] Court orders dismissal set aside as to enhancement AB in Count 4. [¶] . . . [¶] As to Enhancement AB in Count 4, the Court imposes 1 years. [¶] Enhancement AB in Count 4 to run consecutive to sentence imposed in Count 1."

4

consecutive to the sentence imposed in count 1, "making the total commitment nine years." The court ordered the sentence to be served in state prison.

Defendant filed a notice of appeal on April 15, 2013, stating that defendant "appeals high term sentence."

ANALYSIS

In his briefing on appeal, defendant raises two different issues. First, he contends that the trial court erred in imposing a prior prison term enhancement under Penal Code section 667.5, subdivision (b), because no such enhancement was ever alleged or proved in the case. Second, he contends that the court should have stayed the sentences on counts 2, 3, and 4, under Penal Code section 654, because all the drug offenses arose out of a single transaction. The People concede both points.

I. The Enhancement Must Be Reversed, Because No Prison Term Prior Was Alleged or Proved

As defendant points out, no prior prison term enhancement was alleged in the operative pleading. At the time of defendant's drug possession offenses, he was serving a term in prison for the robbery offenses, but he had not yet completed that prison term. (See Pen. Code, § 667.5, subds. (b) and (g); *People v. Tenner* (1993) 6 Cal.4th 559, 563, 566 [enhancement applies where a defendant has served a prior separate and completed prison term for a prior felony conviction].) The People agree, and concede that the enhancement must be stricken.

5

## II. Defendant's Sentences on Counts 2, 3, and 4 Should Be Stayed

Defendant was convicted of possessing multiple controlled substances in prison, and for possession for sale of each of the three substances. All the offenses were part of the same criminal act; there was no evidence that he possessed the substances for any purpose other than sale. Under Penal Code section 654, a defendant may not be punished more than once for a criminal act that is carried out pursuant to a single intent and objective, even if more than one statute is violated. (*People v. Mesa* (2012) 54 Cal.4th 191, 199; *Neal v. State of California* (1960) 55 Cal.2d 11, 19.)

The trial court might have elected to punish for counts 2, 3, and 4, possession for sale of three different drugs, and to subordinate and stay punishment on count 1, which involved possession of all three substances. (See, e.g., *People v. Monarrez* (1998) 66 Cal.App.4th 710, 714-715 [separate punishment for separate drugs is permissible because different drugs have different effects and may pose different dangers to society].)

However, the court selected the possession-in-jail count as the principal count. That count involved possession of all three drugs; the three additional counts for possession of the same drugs for sale were offenses committed pursuant to the same intent and objective as the principal count. The selection of the sentence that provided for the longest potential term of imprisonment was appropriate. (See Pen. Code, § 654.) However, the court could not impose sentence both on count 1 and on the subordinate counts involving the same drugs.

6

Again, the People concede the issue and agree that defendant's sentences on counts 2, 3, and 4 should have been stayed.

## DISPOSITION

Initially, both parties requested a remand for resentencing, but in his reply brief, defendant suggests that this court has the authority to modify the judgment directly without such remand. We agree that a remand for resentencing is unnecessary and an undue consumption of judicial resources. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473-1474.) Accordingly, we order the judgment modified as follows: The one-year enhancement under Penal Code section 667.5, subdivision (b), must be stricken. The judgment is further modified to stay the sentences imposed on counts 2, 3, and 4, pursuant to Penal Code section 654. As so modified, the judgment is affirmed.

The matter is remanded with directions to the trial court to issue an amended abstract of judgment to reflect these modifications, and to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


KING
J.

7