Filed 7/16/14  P. v. Ciervo CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067007 |
| v. | (Super. Ct. No. BF145339A) |
| SKYLAR BLU CIERVO, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County. Steven M. Katz, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Kane, J., and Poochigian, J.

Defendant Skylar Blu Ciervo was convicted by jury trial of possession of ammunition by a convicted felon (Pen. Code, § 30305, subd. (a)(1)).[1] The trial court found true an allegation that defendant had served a prior prison term (§ 667.5, subd. (b)). The court sentenced him to prison for three years, plus a one-year enhancement for the prior prison term. On appeal, he contends the evidence was insufficient to support the prior prison term finding because the prosecutor offered only computer printouts of court docket entries, entitled "REGISTER OF ACTIONS/DOCKET," from the Kern County CJIS (Criminal Justice Information System). We conclude the docket entries constituted substantial evidence that defendant served the prior prison term. Thus, we affirm.

## BACKGROUND

After the jury rendered a verdict and was excused, the prosecutor offered certified court dockets as proof of defendant's prior prison term. The following occurred:

> "[PROSECUTOR]: Your Honor, if the Court would take judicial notice of evidence that has been marked People's [exhibits] 5 through 10, certified booking photos and certified court dockets. The booking photos each correspond to a docket. Within those certified dockets, there's an entry that reflects that the defendant was sentenced to two years [in] prison. And there's a presumption under Evidence Code Section 664 that took place…. [¶] … [¶]

> "THE COURT: Mr. [Prosecutor], do the People rest or have any other evidence?

> "[PROSECUTOR]: With the Court having admitted the documents the People have requested, the People rest.

> "THE COURT: Mr. [Defense Counsel], any defense evidence?

> "[DEFENSE COUNSEL]: No, Your Honor.

> "THE COURT: All right. The Court has read and considered exhibits … 5, 6, 7, 8, 9, and 10. Based upon the evidence presented, the

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

Court will … find true the allegation alleged, pursuant to [section] 667.5(b)."

At this point, defense counsel unsuccessfully argued that defendant should remain out of custody. At no point did she object to the court's consideration of the exhibits.

At the sentencing hearing that occurred about a month later, there was no mention of the exhibits. The prosecutor submitted on the probation officer's recommendation of the upper term of three years, plus a one-year enhancement for the prior prison term. Defense counsel offered no argument and submitted on her statement in mitigation. The court considered the statement, but sentenced defendant to prison as recommended by the probation officer's report.

## DISCUSSION

"Due process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt. [Citations.] This cardinal principle of criminal jurisprudence is not offended by application of the official duty presumption in this case. (Cf. *People v. Lilyroth* (1959) 173 Cal.App.2d 94, 97 [the element of lawful confinement in a charge of escape from an industrial road camp was established by evidence of the legality of defendant's sentencing and commitment to the custody of the county sheriff; the official duty presumption supported an inference of the regularity of actions taken by prison administrators in transferring prisoners, in the absence of evidence indicating the defendant's confinement was unlawful.].) The presumption is not mandatory; a defendant remains free to present evidence raising a doubt as to whether he in fact completed his term of imprisonment. [¶] Our function, as an appellate court, has been to review the record in the light most favorable to the judgment [citation] to determine whether substantial evidence supports the fact finder's conclusion, i.e., whether a reasonable trier of fact could have found that the prosecution had sustained its burden of proving the defendant guilty beyond a reasonable doubt [citation]." (*People v. Tenner* (1993) 6 Cal.4th 559, 566-567, fn. omitted.)

3

Prison records (from the section 969b prison packet) may be used to prove the prior prison term, but "section 969b '"is permissive and not mandatory…. [I]t does not restrict the People from using other forms of proof …" to establish the fact of previous imprisonment. [Citation.]' [Citation.] 'No statute *requires* the prosecution to produce the [section 969b] prison packet' to prove that a defendant served a prior prison term. [Citation.]" (*People v. Martinez* (2000) 22 Cal.4th 106, 116-117.)

Defendant challenges the prosecution's use of the docket entries rather than the abstract of judgment, prison commitment form, and section 969b prison packet. He complains that "[n]othing in the registers indicates when they were prepared, or that the entries in them were made contemporaneously with the events they purport to describe. Because they do not show they were prepared by the clerk at or near the time the judgments were entered and the sentences were imposed, they create no presumption of regularity and reliability." Our reading of the docket entries, however, does not support this claim. Each entry is dated, lists the clerk present at the hearing, and notes that the information was entered by that clerk on that date. For example, the register of the principal case shows that at the relevant sentencing hearing on September 26, 2011, Shannon Doty was the clerk present at the hearing ("CLERK: SHANNON DOTY") and that she entered the information on the register ("ENTERED ON CJIS BY SHANNON DOTY-WMBAK, ON 09/26/2011"). Identical notations were made in the entries for the two concurrently sentenced cases.

Defendant also argues that, unlike abstracts of judgment, the registers are not statutorily sanctioned as official orders committing a defendant to prison and therefore do not give rise to a presumption that official duty was performed and do not constitute substantial evidence a defendant has served a prior prison term. Although the docket entries are not official orders committing a defendant to prison, they are nevertheless certified official court records. And, contrary to defendant's assertion, the presumption

4

that an "official duty has been regularly performed" (Evid. Code, § 664) applies to the duties of court clerks, including their preparation of docket entries. (*In re Lopez* (1970) 2 Cal.3d 141, 146 [presumption that preparing docket entry was regularly performed; docket entries must ordinarily be deemed to speak the truth]; see *Smith v. Smith* (1958) 157 Cal.App.2d 658, 662 [presumption that minutes of court are correct].) The official duty presumption merely shifts the burden of proof to the opposing party, who may rebut the presumption. (*People v. Martinez, supra,* 22 Cal.4th at p. 125.) Defendant, however, did not contest that he served this prison term or offer any evidence to show he had not served it.

The docket entries establish that on September 26, 2011, defendant was sentenced on three cases. The prison term was two years on the principal case, with concurrent two-year terms on the other two cases. Defendant was remanded to the custody of the sheriff for transport to the prison. The evidence from these certified official court records constituted substantial evidence supporting the trial court's finding that defendant had served a prior prison term.

## DISPOSITION

The judgment is affirmed.

5