Filed 6/21/16  P. v. Mooregrant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASMINE CHIMERE MOOREGRANT,<br><br>        Defendant and Appellant. | C078621<br><br>(Super. Ct. No. 62117805) |

Defendant Jasmine Chimere Mooregrant appeals from the trial court's orders finding her second degree burglary conviction ineligible for Penal Code section 1170.18 resentencing. [1]  She contends that the record of her conviction establishes that she committed the crime of shoplifting, rendering her eligible for resentencing.  (§ 459.5.)  Finding that defendant failed to carry her burden of establishing that the amount of property in question did not exceed $950 in value, we affirm the trial court's orders.

---

[1]  Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

Defendant pleaded no contest to felony identity theft (§ 530.5, subd. (a)) and second degree burglary (§ 459).

The factual basis of the plea was provided by the prosecutor as follows: "On or about April 17th through April 18th, 2012, the victim's personal credit card was stolen. The [d]efendant had possession of the victim's credit card and used that information to try to obtain cash from an ATM inside Thunder Valley Casino. She did enter Thunder Valley Casino with the intent of committing thefts therein on or about April 18th, 2012."

The trial court sentenced defendant to one year six months in this case (one-third the middle term of eight months on both counts), and sentenced her in two separate cases from Sacramento County (case Nos. 12F02700, 12F03160) for an aggregate term of seven years in state prison.

On December 15, 2014, defendant filed a section 1170.18 petition for resentencing on her second degree burglary conviction in this case. The trial court denied the petition.

# II. DISCUSSION

Defendant contends she was eligible for resentencing on her second degree burglary conviction. We disagree.

The passage of Proposition 47 created section 1170.18, which provides any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 added section 459.5, which establishes the offense of shoplifting, a misdemeanor, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during

2

regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) This crime displaces the crime of burglary for those thefts within the $950 amount specified in the statute. (§ 459.5, subd. (a).)

Defendant asserts that the place where she committed the burglary, Thunder Valley Casino, is a commercial establishment which she entered during regular business hours, with the intent to commit a larceny therein. Since the record contains no evidence of the value of the property she stole or tried to steal, defendant concludes that her criminal conduct constitutes the crime of shoplifting.

Defendant's argument fails because it misallocates the burden of proof to the prosecution. As the text of section 1170.18, subdivision (a) makes clear, defendant is the petitioner in a resentencing hearing under this statute. "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he [or she] is asserting" (Evid. Code, § 500.) Therefore, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).)

Defendant claims *Sherow* was wrongly decided and we should decline to follow it because it conflicts with the principles regarding allocation of the burden of proof set forth in *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*). According to defendant, *Guerrero* "dictates that, in determining whether a prior conviction qualifies as a serious or violent felony, the prosecution bears the burden of establishing the petitioner is ineligible for relief." She further reasons that applying this rule to Proposition 47 "is a logical extension of *Guerrero*." Defendant additionally claims that under Proposition 36's analog to section 1170.18, section 1170.126, the prosecution bears the burden of proving ineligibility once the defendant makes an initial showing of eligibility. She

3

concludes, "There is no legitimate rationale that supports placing the burden on the prosecution for Proposition 36 petitions, but not Proposition 47 petitions."

Defendant mischaracterizes *Guerrero*. *Guerrero* established that the trier of fact may look to the entire record of conviction when determining whether a prior conviction was a serious felony for the purpose of the serious felony enhancement under sections 667 and 1192.7, subdivision (c). (*Guerrero, supra*, 44 Cal.3d at p. 345.) Due process places on the People the burden of proving every element of an enhancement beyond a reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 566; *People v. Young* (1987) 192 Cal.App.3d 812, 818.) While the Supreme Court states in *Guerrero* that a "court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law" (*Guerrero, supra,* at p. 352), this merely reflects the allocation of the burden of proof in the context of sentence enhancements.[2]

Due process does not allocate the burden of proof to the People in the context of section 1170.18 petitions. "The difficulty with a due process argument based on the prosecutor's burden of proof in the initial prosecution for an offense is that the resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt. Under this remedial statute, a petitioner is claiming the crime for which the person has been convicted would be a misdemeanor if tried after the enactment of the proposition." (*Sherow, supra*, 239 Cal.App.4th at p. 880.) *Guerrero* is therefore inapplicable to the matter before us.

---

[2] Since the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466, the crime and sentence enhancements are "the 'functional equivalent' of a single 'greater' crime. [Citation.]" (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 326.)

4

Defendant's reliance on section 1170.126 is likewise misplaced. Courts have consistently held that the prosecution does not have to plead and prove a fact that disqualifies a defendant from resentencing on his or her three strikes sentence pursuant to section 1170.126. (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311-1312; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1336); *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1033; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 526-527.) While courts rely on *Guerrero* in determining that the section 1170.126 eligibility determination is limited to the record of conviction (see *Bradford, supra,* at pp. 1338-1339), any analysis in *Guerrero* related to the prosecution's duty to plead and prove every element of an enhancement is inapplicable to both section 1170.126 and section 1170.18.

Since the record of conviction makes no mention of the amount defendant took or tried to take from the ATM, defendant has failed to carry her burden of establishing her eligibility for resentencing and her claim therefore fails.

## III.  DISPOSITION

The judgment (order) is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

RAYE, P. J.

/S/

_____

NICHOLSON, J.