Filed 7/9/21  P. v. Mendoza CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RENE MENDOZA,<br><br>Defendant and Appellant. | B302741, B306075<br><br>(Los Angeles County Super. Ct. No. YA097918) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Vincent Okamoto, Judge.  Reversed and remanded with direction.

Maura F. Thorpe, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

On June 13, 2019, appellant Rene Mendoza was charged with attempted second degree robbery in violation of Penal Code sections 664 and 211; possession for sale of a controlled substance in violation of Health and Safety Code section 11378; and possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). Two prior attempted murder convictions were also alleged both as two prior strikes and two serious felony conviction enhancements pursuant to Penal Code sections 1170.12, subdivision (b) and 667, subdivision (a)(1).

Before trial, appellant pleaded no contest to possession of a controlled substance. The trial court dismissed the possession for sale count.

On June 21, 2019, a jury convicted appellant of the sole remaining count, attempted second degree robbery. During trial appellant waived his right to a jury trial on the sentencing enhancements and the court set a bench trial for October 3, 2019, the same date set for sentencing.

On October 3, 2019, the court did not try the enhancements. Neither did appellant admit them. The trial court struck one of appellant's strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced appellant to 14 years in state prison. This sentence included two consecutive five-year prior serious felony conviction enhancements, a consecutive term of three years for the robbery, and 364 consecutive days on the drug count. In February 2020, the trial court restated the sentence as a total of 13 years. On March 2, 2020, the trial court restated the sentence again as the

low term of three years on the robbery plus two consecutive five-year prior serious felony conviction enhancements.[1]

Appellant argues insufficient evidence supports the two five-year sentences on the enhancements because there was no trial and the trial court took neither evidence from the People nor admissions or waivers from appellant. The People concur. We agree as well and reverse.

## A.     *Factual Background*

Appellant was at the Hustler Casino in Gardena, California. He demanded $100, then $200, from a patron who was in line to cash out his chips. The patron responded he did not have the money. Appellant threatened the now-frightened patron and then walked away to a food service area where he was arrested.

## B.     *Standard of Review*

This court reviews the sufficiency of the evidence to support a sentencing enhancement under the substantial evidence test. (*People v. Tenner* (1993) 6 Cal.4th 559, 567.)

---

[1]     Appellant filed two separate notices of appeal—one from the original sentence imposed on October 3, 2019 and one from the resentencing on March 2, 2020. The record does not include an abstract of judgment for the sentence imposed on October 3, 2019. The appeals were consolidated by order of this court. Because both sentences imposed the same two five-year enhancements, we treat the consolidated appeals as one appeal from the March 2, 2020 final abstract of judgment.

C.    *Applicable Law*

To establish a prior conviction allegation, the People must prove the defendant was convicted of an offense within the definition of the invoked statute and any other required elements.  (*People v. Tenner*, *supra*, 6 Cal.4th at p. 566.)  All prior conviction enhancements "shall be . . . either admitted by the defendant in open court or found to be true by the trier of fact." (Pen. Code, § 1170.1, subd. (e).)  If a defendant does not admit the prior conviction, he or she has the right to a jury trial or a court trial, if jury trial is waived.  (Pen. Code, § 1025, subds. (b), (c).) The trier of fact must then enter a "verdict or finding upon the charge of previous conviction" of either true or not true.  (Pen. Code, § 1158.)

During trial on June 21, 2019, appellant waived his right to a jury trial on the prior conviction allegations.  The court scheduled a bench trial for October 3, 2019, to prove up the prior convictions.  However, the record reflects that on October 3, 2019, the court and parties proceeded directly to sentencing without an admission to or trial on the prior convictions.  The judgment must be reversed and the matter remanded for trial on the prior conviction allegations and resentencing.  (See *Monge v. California* (1998) 524 U.S. 721, 734 [Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in a noncapital case].)[2]

---

[2]    Appellant also argues the enhancements were erroneously imposed because they were not "brought and tried separately" as required by Penal Code section 667, subdivision (a)(1).  This contention is moot in light of our disposition.

4

## DISPOSITION

The judgment is reversed and the matter is remanded for a bench trial on the prior conviction allegations and resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, Acting P. J.

We concur:


WILEY, J.


OHTA, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.