Filed 11/14/14 P. v. Zuniga CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B251352 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. TA124632 & TA125907) |
| v. | |
| JONATHAN ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura A. Walton and Paul A. Bacigalupo, Judges.  Affirmed in part and reversed in part with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, William H. Shin, Deputy Attorney General, Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Jonathan Zuniga appeals from the judgment entered after two jury trials, separate court trials on recidivism allegations, and sentencing by the judges who presided over the two proceedings. Defendant contends on appeal that both judges committed errors regarding prior prison term allegation findings and sentencing. He also argues there is insufficient evidence to support his second degree robbery conviction in the second trial. We reject the challenge to the sufficiency of the evidence, but reverse several of the prior prison term findings and remand for further proceedings.

## PROCEDURAL BACKGROUND

This case presents a convoluted procedural history. The jury in what we refer to as Trial I returned guilty verdicts on various charges against defendant, acquitted him of one count, and was unable to reach a verdict on a charge of robbery. Because the robbery charge remained unresolved, determination of various recidivism allegations and sentencing was held in abeyance. What occurred next was Trial II, held before a different judge, involving retrial on the robbery charge and additional consolidated charges. After defendant was convicted in Trial II, a court trial on the recidivism allegations was held, and sentence was imposed as to the charges and allegations in Trial II. Thereafter, the judge in Trial I conducted another court trial on the recidivism allegations and imposed sentence on the charges and allegations resolved in Trial I. We set forth the details of the procedural history below in chronological order.

### Trial I—jury trial proceedings

Trial I was held before Judge Laura A. Walton. Defendant was convicted by jury of the following charges: count 2—attempting to dissuade a witness (Pen. Code, § 136.1, subd. (a)(2));[1] count 3—battery (§ 242); and counts 5 and 6—battery against a person

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

with whom defendant had a dating relationship (§ 243, subd. (e)(1)). The jury was unable to reach a verdict on the charge in count 1 of second degree robbery (§ 211.) Defendant was acquitted on count 4.

### *Trial II—jury trial proceedings*

Trial II was conducted by Judge Paul A. Bacigalupo. In advance of retrial of the robbery charge, an amended information was filed consolidating the robbery count with charges from a separate case. Defendant was convicted in Trial II of the three felony counts in the amended information: count 1—second degree robbery (§ 211); count 7— conspiracy to dissuade a witness from testifying (§ 182, subd. (a)(1)); and count 8— attempt to dissuade a witness (§ 136.1, subd. (b)(2)).

### *Trial II—court trial on recidivism allegations and sentencing*

Judge Bacigalupo found true allegations that defendant suffered a prior conviction within the meaning of the three strikes law (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)) and a prior serious felony conviction (§ 667, subd. (a)), and that defendant served three prior prison terms (§ 667.5, subd. (b)).

Judge Bacigalupo sentenced defendant to a term of 19 years in state prison as follows: count 1—fifteen years, consisting of five years for the robbery, doubled pursuant to the three strikes law, plus an additional five years for the prior serious felony conviction; count 7— two years in state prison, stayed pursuant to section 654; count 8— two years, doubled pursuant to the three strikes law, for a total of a consecutive four years. As to counts 1, 7, and 8, Judge Bacigalupo imposed and stayed the one-year prior prison term enhancements under section 654. The matter was continued for sentencing on counts 2, 3, 5 and 6 by Judge Walton.

### *Trial I—court trial on recidivism allegations and sentencing*

In another court trial, Judge Walton found true that defendant suffered a prior conviction within the meaning of the three strikes law (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)) and a prior serious felony conviction (§ 667, subd. (a)), and that he served two prior prison terms (§ 667.5, subd. (b)).

Judge Walton sentenced defendant to a term of 16 months in state prison as follows: count 2—eight months doubled pursuant to the three strikes law, for a total of sixteen months, to run consecutive to the term imposed by Judge Bacigalupo; count 3— six months; and counts 5 and 6—one year for each count. Counts 3, 5 and 6 were to be served concurrently with the term on count 1. The court imposed and stayed the one-year prior prison term enhancements.

The total sentence imposed following Trials I and II was 20 years 4 months in state prison.

## STATEMENT OF FACTS[2]

Defendant and Laura Christina Martinez Flores began dating in July 2012. Defendant became violent shortly thereafter, pushing, slapping, and punching Flores on multiple occasions. The incidents occurred several times a week for a month, but Flores was scared of defendant and never called the police.

During the time they were dating, defendant walked with or drove Flores to work. Flores allowed defendant to use her cell phone and borrow it while she was at work. There were jealousy issues and defendant would ask Flores about the men on her cell

---

[2] The Statement of Facts is limited to the second degree robbery evidence produced at Trial II, as the facts pertaining to the other convictions and Trial I have no bearing on the issues presented in this appeal.

4

phone contact list. Flores tried to end her relationship with defendant several times before finally ending it a week before defendant's arrest on August 23, 2012.

On August 23, 2012, around 4:00 p.m., Flores went to a Starbucks with her coworkers, David Cardenas and Francisco Vasquez. Vasquez drove the car, Cardenas was seated in the front passenger seat, and Flores was seated behind the driver. Flores remained in the car while her coworkers went inside to buy coffee. After they exited Starbucks and entered the car to leave the parking lot, Flores saw defendant riding his bicycle very fast to catch up to the car. As Vasquez started driving away from Starbucks, defendant pulled up to the front of the car and dropped his bike. Vasquez stopped the car, and defendant got off of his bicycle and went to over to the rear passenger seat where Flores was sitting. Flores saw that defendant looked angry. She was scared and nervous. Flores's window was rolled down and she had her cell phone in her hand. Flores dropped the cell phone into her lap when saw defendant. Defendant yelled, "You know you fucked up; right, Cristina?" Flores was scared because she thought defendant knew she called the police earlier that morning. Vasquez heard defendant stating, "Give me that shit." Cardenas saw defendant reach in the car and grab Flores's cell phone. Cardenas heard Flores say, "No. Stop." Defendant punched Flores's face, causing her to black out for a few seconds.[3]

Cardenas was scared and shocked that defendant punched Flores. Both Vasquez and Cardenas told defendant to calm down. Defendant was angry and walked over to Vasquez. Defendant said, "Oh, you want some, too," and punched Vasquez on the left cheek. Vasquez exited the car and fought with defendant. Vasquez pinned defendant to the ground and told defendant he was calling the police. Defendant said, "No, no chill." Defendant then tried to hit Vasquez. Someone pulled Vasquez off of defendant. Defendant rode away on his bicycle with Flores's phone.

_____

[3] Flores testified at the September 11, 2012 preliminary hearing that defendant took her cell phone and then punched her. Cardenas and Vasquez testified to those facts at trial but Flores contradicted her prior testimony and stated defendant punched her first and then took her phone.

After Flores regained consciousness, she saw defendant and Vasquez fighting outside the car.  She told Cardenas that defendant took her phone and to call the police.  Flores feared for her safety because defendant had her phone, which contained information about her friends and family.  Flores's lip was swollen and bruised with blood.

Around 5:00 p.m., Los Angeles County Sherriff's Deputy Dennis Conway saw defendant traveling at a high rate of speed on the sidewalk.  Deputy Conway was traveling in the opposite direction from defendant.  As they passed each other, Deputy Conway saw defendant discard a black cell phone.  Defendant denied that the phone belonged to him.  After Deputy Conway arrested defendant, Deputy David Aldana contacted Flores and she identified the cell phone as belonging to her.  Deputy Aldana returned the cell phone to Flores and took a photograph of her swollen lip.

## DISCUSSION

**Prior Prison Term Enhancements: Penal Code Section 667.5, Subdivision (b)**

### *Adequacy of Findings by Judge Walton*

Defendant contends that Judge Walton made no finding that his prior convictions in case Nos. NA032981 and TA115088 resulted in prior prison terms as defined in section 667.5, subdivision (b).  Defendant further contends Judge Walton stayed the two one-year enhancements for the prior prison terms, when the court's authority was limited to either imposing or striking the enhancements.  Defendant's first contention fails, but the second is correct.

"Imposition of a sentence enhancement under  . . . section 667.5 requires proof that the defendant:  (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting

6

in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563.) The prosecution must prove each element of the enhancement beyond a reasonable doubt. (*Id.* at p. 566.) "The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense." (§ 667.5, subd. (d).)

We conclude that Judge Walton made a finding that defendant's two prior convictions constituted prior prison terms pursuant to section 667.5, subdivision (b). At the bench trial on the recidivism allegations, the prosecution offered defendant's section 969b state prison packet into evidence. The prison packet demonstrated that defendant had been committed to state prison on the two cases, based on his conviction for second degree burglary in case No. NA082981, and his conviction for attempted robbery in case No. TA115088. Based on this evidence, Judge Walton made the following finding: "The court, having an opportunity to review those documents, find[s] that . . . [defendant], is the person who suffered the prior convictions, that being in case number TA115088, for violation of Penal Code section 664/211, and also a prior conviction out of case number NA082981 for violation of Penal Code section 459. [¶] So the court finds those prior convictions have been proved beyond a reasonable doubt and finds them true at this time." The minute order showed that "[t]he court [found] the prior conviction allegation pursuant to Penal Code section 667.5(b) in case numbers TA115088 and NA082981 to be true." Defense counsel acknowledged the court's findings as to the two prior prison terms during the sentencing hearing by stating, "[i]n terms of the two prison priors, if the court is going to use one of them to double his mid term because it was a strike, I'm asking the court to not use both prison priors because one was from the time that you doubled his mid term." After review of the entire record, we hold Judge Walton made a finding that defendant served two prior prison terms.

*Failure to impose or strike prior prison term enhancements*

Judge Walton's stay on the two prior prison term enhancements was not authorized by law. A trial court must either impose sentence on or strike sentence enhancements under section 667.5, subdivision (b). (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241.) If the court fails to do so, the reviewing court must remand the matter to the trial court to exercise its discretion concerning the enhancement. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561.) Remand is therefore necessary.

Moreover, when a defendant has suffered a prior serious felony conviction as defined in section 667, subdivision (a), and also served a prison term for that felony, it is inappropriate to impose both the five-year and the one-year enhancements for that same conviction. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150.) Judge Walton imposed a five-year enhancement under section 667, subdivision (a), based on the conviction in case No. TA115088. She also imposed and stayed the one-year enhancement in case No. TA115088. The one year prior prison term enhancement stayed in case No. TA115088 should have been stricken. (See *People v. Garcia, supra,* 167 Cal.App.4th at p. 1562.)

*Finding of three prior prison terms by Judge Bacigalupo*

Defendant argues, and the Attorney General properly concedes, that Judge Bacigalupo erred in finding defendant served three prior prison terms. Defendant reasons that he served only one prison term in case Nos. NA082981 and 628045013, because the terms were served consecutively after sentence was imposed in the former case and probation was revoked in the latter case. This constitutes only one prior prison term. (§ 667.5, subd. (g) [continuous period of prison incarceration is only one prior prison term whether served concurrently or consecutively]; *People v. Jones* (1998) 63 Cal.App.4th 744, 747.) Thus, defendant could be sentenced on only two prior prison term allegations.

However, the prior prison term enhancement in case No. TA115088 should have been stricken, because that same case was the basis of the section 667, subdivision (a)

five-year enhancement under count 1. (*People v. Garcia, supra,* 167 Cal.App.4th at p. 1562.)

Finally, defendant correctly contends Judge Bacigalupo erred in imposing and staying the one-year prior prison term enhancements in case Nos. NA082981 and 620845013. A trial court must either impose sentence on or strike sentence enhancements under section 667.5, subdivision (b). (See *People v. Langston, supra,* 33 Cal.4th at p. 1241.)

**Robbery Conviction**

Defendant argues substantial evidence does not support his second degree robbery conviction. Specifically, defendant contends there was insufficient evidence that he employed force or fear to effect the taking of Flores's cell phone because his intent to steal was formed after the force or fear was employed. Under the applicable standard of review, this contention is without merit.

We apply the substantial evidence standard of review on appeal, viewing the evidence in the light most favorable to the judgment to determine whether a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Thompson* (2010) 49 Cal.4th 79, 113; *People v. Halvorsen* (2007) 42 Cal.4th 379, 419.) The substantial evidence standard of review is the same under the state and federal due process clauses. (*People v. Thompson, supra,* at p. 113; *People v. Berryman* (1993) 6 Cal.4th 1048, 1082-1083, overruled on other grounds by *People v. Hill* (1998) 17 Cal.4th 800, 822-823, fn. 1.) As to both direct and circumstantial evidence, we presume the existence of every fact the trier could reasonably deduce from the evidence. (*People v. Thompson*, *supra*, at p. 113; *People v. Prince* (2007) 40 Cal.4th 1179, 1251.)

Defendant's contention is directed to the fourth and fifth element of robbery (§ 211). In order to prove a violation of section 211, the prosecution must establish defendant (1) took possession of property not his own, (2) from another, (3) against that person's will, (4) using force or fear to effect the taking or to prevent resistance with, and

(5) the specific intent to permanently deprive the owner of his property. (See *People v. Marshall* (1997) 15 Cal.4th 1, 34.)

Defendant argues the evidence was insufficient that he formed the intent to steal before or during the application of force to the victim. (*People v. Yeoman* (2003) 31 Cal.4th 93, 129; see *People v. Letner* (2010) 50 Cal.4th 99, 166 ["[t]he intent to steal must be formed either before or during the commission of the act of force"].) He explains the evidence could suggest it was only after he punched Flores that he formed the specific intent to steal her cell phone, as it was on her lap. While this may be a permissible inference, it is not the only—or even the most—reasonable inference from the prosecutor's case. A fact finder may deduce criminal intent from "all the facts and circumstances surrounding the crime." (*People v. Lewis* (2001) 25 Cal.4th 610, 643.) Moreover, the possibility of "after-formed" intent to steal does not render the evidence insufficient of robbery. (*People v. Letner, supra,* at 166.)

Here, substantial evidence supports defendant's robbery conviction. Flores testified that defendant was chasing after her on his bike and forced Vasquez to stop his car as he was driving away from Starbucks. Defendant approached Flores at the rear passenger window and demanded, "Give me that shit." Cardenas and Vasquez's trial testimony corroborated Flores's testimony at the preliminary hearing that defendant took her cell phone against her protests and punched her in the face. Defendant then rode off on his bicycle with Flores's cell phone in hand. The trier of fact could reasonably infer defendant's intent to steal based on his demand of Flores's cell phone and the subsequent punch, rendering Flores unable to retrieve her cell phone. Looking also at the circumstances surrounding his prior use of her phone during their tumultuous relationship, it is logical for the trier of fact to infer that defendant wanted to steal the phone because of their recent breakup and his jealousy issues. We conclude a jury could find defendant had the required intent to steal and employed both force and fear to effectuate the taking of Flores's cell phone.

## DISPOSITION

The cause is remanded to the trial court, which shall (1) strike the prior prison term enhancement in case No. TA115088, (2) determine whether case No. NA082981 or No. 620845013 is the appropriate prior prison term, and dismiss the alternative allegation; and (3) either impose or strike the remaining prior prison term allegation. An amended abstract of judgment shall be prepared by the clerk of the superior court and forwarded to the California Department of Corrections. In all other respects, the judgment is affirmed.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


GOODMAN, J. [*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11