Filed 11/13/15  P. v. Grayson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY AGUILAR GRAYSON,<br><br>        Defendant and Appellant. | A144610<br><br>(Lake County<br>Super. Ct. No. CR937669) |

Defendant Anthony Aguilar Grayson appeals the judgment sentencing him to a term of two years eight months in prison consistent with the terms of his negotiated no contest plea to one count of possession for sale of methamphetamine with two prior prison term enhancements. He contends the trial court erred in failing to strike one of the prior prison term enhancements after defendant successfully applied to have the underlying prior conviction reduced to a misdemeanor under Penal Code section 1170.18, subdivision (f),[1] which was enacted as part of Proposition 47 on the November 2004 ballot. Because defendant negotiated for a specific sentence, his appeal constitutes an attack on the validity of his plea, for which a certificate of probable cause is required under section 1237.5. Defendant's failure to obtain a certificate of probable cause forecloses appellate review of his claim.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

## Background

On December 8, 2014, pursuant to a plea bargain with negotiated disposition, defendant pled no contest to one felony count in violation of Health and Safety Code section 11378, and he admitted two prison term enhancements within the meaning of section 667.5, subdivision (b). As part of his plea agreement, defendant was promised a prison sentence of two years eight months consecutive to a four-year four-month sentence imposed for an unrelated Yolo County conviction.

On March 16, 2015, the trial court sentenced defendant to the term specified in the plea agreement. The court imposed an eight-month term on the possession charge and one-year enhancements for each of the prior prison terms. The court denied defendant's motion to strike one of the prison term enhancements. Defendant timely filed a notice of appeal.

## Discussion

Defendant contends the court erred in denying his motion to strike the prior prison term enhancement. He argues that the enhancement under section 667.5. subdivision (b) applies only if the prior conviction was a felony and that after entry of his plea in the present case, but before sentencing, his conviction in the prior case[2] was reduced from a felony to a misdemeanor under the provisions of section 1170.18.

The one-year enhancement under section 667.5, subdivision (b) applies only to prior felony convictions.[3] (*People v. Tenner* (1993) 6 Cal.4th 559, 563 ["Imposition of a sentence enhancement under Penal Code section 667.5 requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that

---

[2] A 2013 conviction for the violation of section 496, subdivision (a) in Mendocino County case No. SCUKCR-120023454003.

[3] Section 667.5, subdivision (b) provides, in relevant part: "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony."

conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction."].) Subdivision (f) of section 1170.18 provides that a person who has completed a prison term on a felony conviction that would have been a misdemeanor had Proposition 47 been in effect at the time of the conviction may file an application to have the prior judgment of conviction reclassified as a misdemeanor. Subdivision (k) of section 1170.18 provides, in relevant part, that "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor *for all purposes*." (Italics added.) Defendant argues that because his prior conviction is now a misdemeanor, it does not support imposition of a one-year sentence enhancement under section 667.5, subdivision (b) so that the court erred in refusing to strike the enhancement.

In *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1332, the court held that a motion to strike an enhancement under section 667.5, subdivision (b) was premature because in order for defendant's prior conviction "to 'be considered a misdemeanor for all purposes [except firearm rights]' (§ 1170.18, subd. (k)), which is the necessary predicate of his contention that his section 667.5, subdivision (b) enhancement must be stricken, he must file an application under section 1170.18, subdivision (f) to have the offense designated as a misdemeanor in the superior court of conviction." Here, while defendant successfully had his prior conviction reduced to a misdemeanor under section 1170.18, he failed to obtain a certificate of probable cause for an appeal from the judgment in the present case, which bars consideration of this issue on appeal. (§ 1237.5, subd. (b); *People v. Shelton* (2006) 37 Cal.4th 759, 766 ["[A] defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere' unless the defendant has applied to the trial court for, and the trial court has executed and filed, 'a certificate of probable cause for such appeal.' "].)

Defendant attempts to avoid the requirement for a certificate of probable cause by casting his sentence as unauthorized or as involving "sentencing issues, that do not challenge the validity of the plea." However, defendant's challenge to his sentence

3

constitutes a challenge to the validity of his plea because the stipulated aggregate sentence of two years four months was an integral part of his plea agreement. (*People v. Hester* (2000) 22 Cal.4th 290, 295 ["Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction."]; *People v. Johnson* (2009) 47 Cal.4th 668, 678 ["Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement."].)

Defendant argues that he is excused from the probable cause requirement because section 1170.18 was enacted as part of Proposition 47 "[a]fter appellant's plea, but prior to sentencing." Whether or not those facts, if true, would excuse the absence of a certificate of probable cause, his facts are simply incorrect. The voters enacted Proposition 47 on November 4, 2014, and the law went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The felony complaint was filed in this case on November 21, 2014, and defendant's plea was entered December 8, 2014.

Because defendant appeals from a judgment based on his plea of no contest and he failed to obtain a certificate of probable cause, the appeal must be dismissed. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096-1097.)

**Disposition**

The appeal is dismissed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.