Filed 7/31/23  P. v. Ortega CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049530 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F2100684) |
| v. | |
| RICHARD MATTHEW ORTEGA, | |
| Defendant and Appellant. | |

In 2021, a jury found Richard Matthew Ortega guilty of evading a police officer, driving under the influence (DUI) of alcohol, and driving with a blood alcohol level of 0.08 percent or more.  In a bifurcated trial, the trial court found true the allegations that Ortega had committed a prior DUI offense within the previous 10 years and suffered a prior strike offense.

On appeal, Ortega claims that there was insufficient evidence supporting the trial court's finding that he committed the prior convictions.  He also argues that there was insufficient evidence demonstrating that he committed the prior DUI offense within the previous 10 years.

For the reasons below, we find no merit to Ortega's contentions and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On May 8, 2021, California Highway Patrol (CHP) Officer Fulton Bowen received a dispatch in the "Hollister, Gilroy" area of a possibly impaired driver, who was drinking a beer while driving a silver Honda Odyssey. Shortly afterwards, Bowen received an update from dispatch that the driver had pulled over on an off-ramp on Highway 101 with the driver asleep behind the wheel. Bowen located the vehicle parked on the off-ramp and saw someone standing by the driver's window shaking the driver (later identified as Ortega), who appeared to be asleep. Bowen notified dispatch and had them perform a "license check." As Bowen exited his vehicle and attempted to contact the driver, Ortega accelerated through the intersection back onto Highway 101. Bowen pursued Ortega, who was speeding, driving erratically, and almost collided with two other vehicles. Ortega then briefly pulled over on the shoulder but subsequently drove back on the highway, where he continued driving unsafely by crossing over multiple lanes and impeding traffic. Ortega finally pulled over and turned off the vehicle after Bowen repeatedly told him to stop.

Bowen then arrested Ortega, and while putting him in handcuffs, he observed signs that Ortega was intoxicated, including (1) a strong odor of alcohol from Ortega's body, (2) bloodshot eyes, (3) slow, slurred speech, and (4) unsteadiness on his feet. Bowen then took Ortega to an alcohol testing site, where a blood sample was taken. Subsequent testing of the sample revealed a blood alcohol level of approximately 0.25 percent.

### B. Charges, Pretrial Proceedings, and Trial

On July 28, 2021, the Santa Clara County District Attorney's Office filed an amended information charging Ortega with reckless driving while fleeing or attempting to elude a pursuing peace officer (Veh. Code, § 2800.2, subd. (a); count 1), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 2), and driving with a

blood alcohol level of 0.08 percent or greater (Veh. Code, § 23152, subd. (b); count 3). The information further alleged that in the commission of counts 2 and 3, Ortega's blood alcohol level was 0.15 percent and more by weight (Veh. Code, § 23578), Ortega had a prior serious or violent strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12),[1] and had committed a separate DUI on or about August 23, 2011, for which he was convicted.

At Ortega's arraignment on the original complaint[2] on May 12, 2021, Ortega chose to waive advisement and "proceed 989."[3] The trial court record also included a "Notice and Waiver of Rights for Remote Video Proceedings," which states: "I, (print name) Richard Ortega, am the defendant in an arraignment proceeding and understand my rights as stated above." This form was later signed by Ortega on May 12, 2021.

At his subsequent arraignment on the information on June 7, 2021, Ortega again chose to waive formal arraignment and proceed "under 989."

Prior to the commencement of trial, the prosecutor filed a motion in limine requesting to introduce evidence of Ortega's prior DUI conviction during its case in chief to prove Ortega was acting with wanton disregard for the safety of others and knew of the dangers of driving under the influence. The trial court permitted the prosecution to introduce certified records of the prior DUI conviction, but did not allow the prosecution to present evidence as to the specific facts underlying the conviction. Accordingly, during the trial, the prosecution submitted into evidence a certified copy of Ortega's plea form and advisement and waiver of rights from the prior DUI, which was signed by Ortega on October 13, 2011.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The original complaint was filed on May 12, 2021.

[3] Section 989 provides, in relevant part, that at arraignment, a defendant must be informed that "if the name by which he is prosecuted is not his true name, he must then declare his true name, or be proceeded against by the name in the accusatory pleading. If he gives no other name, the court may proceed accordingly."

At the conclusion of the trial, the jury found Ortega guilty of all counts. The jury also found true the allegation that Ortega's blood alcohol was 0.15 percent or more at the time of the DUI.

## C. *Evidence of Prior Convictions and Sentencing*

At the conclusion of the jury trial on the underlying charges, Ortega waived a jury trial on his prior convictions, and a bifurcated court trial on this issue was held. As evidence of Ortega's prior convictions, the prosecution submitted a certified copy of a redacted "rap sheet." The rap sheet reflected the same name and date of birth for Ortega as listed in the amended information. The rap sheet indicated that Ortega had a conviction for robbery (§ 211) on February 5, 2013. The rap sheet also reflected that Ortega had been arrested for a DUI on August 23, 2011 and was convicted of that offense on October 13, 2011.

Ortega objected to the admission of his rap sheet into evidence, arguing that there was not a "sufficient connection" between him and the Richard Matthew Ortega referenced in the document. Ortega argued that by proceeding under section 989, the court did not acknowledge that the name and date of birth of the individual referenced in the complaint was Ortega's true name and date of birth. Ortega therefore claimed that there was insufficient information for the trial court to rely on the rap sheet in determining whether he had suffered the prior convictions. In response, the prosecution pointed to the plea waiver form previously submitted into evidence during the jury trial, and noted that this provided sufficient corroboration that the rap sheet was Ortega's.

The trial court concluded there was sufficient proof beyond a reasonable doubt as to the enhancement allegations of Ortega's prior DUI conviction and prior strike conviction, and found both allegations to be true.

4

At sentencing, Ortega filed a *Romero*[4] motion requesting that his strike prior be dismissed and asking to be placed on probation,[5] which the trial court denied. The trial court sentenced Ortega to 16 months in state prison on count 1, which was doubled to 32 months due to the prior strike conviction, and 365 days in county jail on counts 2 and 3 to run concurrent to the prison sentence.

Ortega timely appealed.

## II.    DISCUSSION

Ortega contends there was insufficient evidence to support the trial court's finding that he suffered the prior strike conviction and the prior DUI offense. Specifically, Ortega claims that there was no evidence presented confirming that he was the same "Richard Matthew Ortega" listed on the certified rap sheet. Ortega further argues that the certified rap sheet did not adequately demonstrate that he committed the prior DUI offense within the previous 10 years.

For the reasons explained below, we find that there was substantial evidence to confirm the trial court's findings.

### A. The Trial Court's Finding Regarding Ortega's Prior Strike Conviction

#### 1. Applicable Law and Standard of Review

Under the Three Strikes law, a prior conviction for a serious or violent felony counts as a strike, which requires that the prison sentence for a second felony conviction be doubled. (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1).) In demonstrating that a defendant suffered a prior conviction for purposes of a sentence enhancement, the prosecution must prove each element of the alleged sentence enhancement beyond a reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 566 (*Tenner*).)

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[5] In light of Ortega's contention on appeal that his identity was never confirmed in court, we note that this motion begins with the following statement: "Before the court is 44-year-old Richard Matthew Ortega."

In addition, "the question of whether the defendant is the person who has suffered [a] prior conviction shall be tried by the court without a jury," and the defendant's identity must be proven beyond a reasonable doubt. (§ 1025, subd. (c); see *People v. Saez* (2015) 237 Cal.App.4th 1177, 1190 (*Saez*).) We review the record in the light most favorable to the trial court's finding to determine whether there is substantial evidence to support the conclusion that Ortega was the person who suffered the prior convictions. (See *ibid*.) In applying this test, we presume in support of the finding the existence of every fact the trier of fact could reasonably have deduced from the evidence. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87 (*Manibusan*).)

### 2. Substantial Evidence Supported the Trial Court's Finding that Ortega Was the Person Listed in the Certified Rap Sheet

Ortega claims that because he proceeded under section 989, he never confirmed his true name or date of birth. Ortega notes that the trial court did not make a finding, nor was there any evidence presented at trial, confirming that his name was Richard Matthew Ortega or that his birth date was April 12, 1977, as listed on the certified rap sheet. Ortega therefore contends that his identity was a "mystery" and could not be linked to the person named in the rap sheet.

We disagree. Case law makes it clear that "[i]n the absence of countervailing evidence, . . . identity of person may be presumed, or inferred, from identity of name." (*Saez*, *supra*, 237 Cal.App.4th at p. 1190.) The identity of birth dates is also highly significant. (*Ibid*.) For example, in *Saez*, the appellate court found that there was substantial evidence to support the court's finding that the defendant had suffered the prior convictions, when his identification card provided at the scene contained the same name, birth date, and street address as the certified documents of his alleged prior convictions. (*Ibid*.) In addition, the identity of a defendant can also be confirmed by being adequately named or described by sworn testimony under oath, such as that of an officer. (See *People v. McCrae* (1963) 218 Cal.App.2d 725, 728-729 [finding that a

6

defendant, who was originally charged and arraigned under a fictitious name pursuant to § 989, was sufficiently identified through the investigating officer's testimony of his multiple encounters with the defendant and physical description of him].)

Similarly, in the instant matter, Bowen identified Ortega in court as the same person whom he encountered and arrested on the date in question. Bowen also testified that he wrote Ortega's full name on the testing envelope containing his blood samples.[6] Further, the testing envelope was admitted into evidence at trial as the prosecution's exhibit 3, with no objection from the defense to the admission of this evidence being used against Ortega in the case.[7] The trial court also took judicial notice of the fact that Ortega's name and date of birth, as it appeared in the information, were the same as those listed in the rap sheet.[8] Accordingly, absent any countervailing evidence, Ortega's identity could be deduced from Bowen's positive identification of him in court as the same person he encountered and arrested, which is the same name Bowen listed on the testing envelope which contained blood samples, and the name listed on the information and certified rap sheet. In conclusion, we find there was substantial evidence to support the trial court's finding that Ortega was the same person named in the certified rap sheet and suffered the prior convictions listed therein.

---

[6] Ortega argues that this testimony was insufficient to establish his identity as Bowen did not testify how he determined Ortega's full name prior to writing it on the envelope. We find this contention without merit as the judge could have reasonably inferred Bowen obtained Ortega's name from the license check he testified to performing upon first encountering Ortega's vehicle.

[7] Ortega also did not object to the admission of any evidence or testimony regarding his identity and name on the basis of lack of foundation.

[8] Although Bowen did not testify to this fact, the same date of birth also appears on the testing envelope.

### B. The Trial Court's Finding Regarding Ortega's Prior DUI Conviction

#### 1. Applicable Law and Standard of Review

Vehicle Code section 23540 provides in relevant part, that a person may be subject to increased penalties if he or she was convicted of a violation of Vehicle Code section 23152, and that offense occurred within 10 years of a separate violation of Vehicle Code section 23152 that resulted in a conviction. (Veh. Code, § 23540 subd. (a).) As discussed above, the prosecution must prove each element of an alleged sentence enhancement beyond a reasonable doubt. (*Tenner*, *supra*, 6 Cal.4th at p. 566.) In addition, for a prior DUI conviction, the prosecution must establish beyond a reasonable doubt that the prior offense was committed within the previous 10 years, regardless of when the conviction for the offense took place. (See *People v. Snook* (1997) 16 Cal.4th 1210, 1216.)

We review the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt. (*Tenner*, *supra*, 6 Cal.4th at p. 567.) As discussed above, in applying this test, we presume in support of the judgment the existence of every fact the trier of fact could have reasonably deduced from the evidence. (*Manibusan*, *supra*, 58 Cal.4th at p. 87.)

#### 2. Substantial Evidence Supported the Trial Court's Finding that Ortega Committed a Prior DUI Offense Within the Previous 10 Years[9]

Ortega contends that the certified rap sheet, which only contained the arrest date for his prior DUI, was insufficient to demonstrate that he committed the DUI within the

---

[9] The Attorney General argues that Ortega has forfeited this claim by failing to object in the trial court to the admission of the rap sheet to prove the prior DUI commission date. However, issues of sufficiency of the evidence to support a verdict are never waived, which includes sufficiency of the evidence to support enhancements. (See (continued)

preceding 10 years. In making this argument, Ortega claims that a period of months could elapse between the commission of a DUI and an arrest, thus making it speculative to conclude he was arrested on the same date of the offense.

We find no merit to Ortega's contention. In most DUI cases, including the underlying offense in Ortega's current matter, an arrest is usually made shortly after a driver is observed exhibiting signs of impairment. Accordingly, the proximity of the arrest to the observed impairment serves as a reasonable basis to infer that the individual was driving under the influence at the same time. In summary, given the nature of a DUI offense and the absence of any countervailing evidence, the trial court could reasonably conclude that Ortega was arrested at or near the time of the violation.

In the instant matter, the certified rap sheet indicated that Ortega had been arrested for his prior DUI offense on August 23, 2011, which falls within 10 years of the current offense of May 8, 2021. The rap sheet, along with the certified plea form, also demonstrated that Ortega was convicted for this DUI offense on October 13, 2011. Therefore, we find there was substantial evidence to support the trial court's finding that Ortega committed a prior DUI within the previous 10 years.

## III.   DISPOSITION

The trial court's judgment is affirmed

---

*People v. Trujillo* (2010) 181 Cal.App.4th 1344, 1350, fn. 3; *People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129.)

9

                           _____

                                                      Wilson, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Bromberg, J.

People v. Ortega
H049530