Filed 8/21/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DENAIL SHANE GREEN,<br><br>  Defendant and Appellant. | D082232<br><br>(Super. Ct. No. SCD137792) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Appellant's request for judicial notice denied; Respondent's request for judicial notice granted.  Reversed and remanded.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige B. Hazard, and Juliet W. Park, Deputy Attorneys General for Plaintiff and Respondent.

Effective January 1, 2022, Senate Bill No. 483 (Senate Bill 483) added what is now section 1172.75 to the Penal Code.[1]  (Stats. 2021, ch. 728, § 3.) Subdivision (a) of section 1172.75 retroactively invalidates prison prior enhancements imposed pursuant to section 667.5, subdivision (b), except those that were based on a conviction for a sexually violent offense. Appellant Denail Shane Green appeals the trial court's order concluding that his prison prior enhancement imposed in 1998 remains valid despite the passage of section 1172.75.  Although Green neither was alleged to have served nor admitted serving a prior prison term based on a sex offense, the trial court nonetheless found that his prison prior remained valid because it determined that he served concurrent prison terms for both robbery (§ 211) and a lewd act involving a minor (§ 288, subd. (a)).  While the factual predicate for the trial court's conclusion may be true, the fact remains that the enhancement was not "imposed for a prior conviction for a sexually violent offense" within the meaning of section 1172.75.  Accordingly, we reverse and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1998, the People charged Green with one count of possessing cocaine base with the intent to sell in violation of Health and Safety Code section 11351.5.  The information also alleged:  (1) a prison prior (§ 667.5, subd. (b)) for Green's 1990 robbery conviction (§ 211); and (2) two prior convictions of strike offenses (§§ 667, subds. (b)–(i), & 1170.12), consisting of (a) a 1990 conviction for committing a lewd act on a child (§ 288, subd. (a)), and (b) the 1990 robbery conviction.  As to the prison prior, the information specifically alleged:

---

[1]  Statutory references are to the Penal Code unless otherwise indicated.

> "GREEN[ ] was on or about November 29, 1990 . . .
> convicted of a felony, to wit: Robbery, in violation of Penal
> Code section 211 . . . and served a separate prison term for
> such offense and that he has not remained free of prison
> custody and free of the commission of an offense resulting
> in a felony conviction for five years subsequent to his
> release from prison for the above said felony, within the
> meaning of Penal Code section 667.5(b)."

The jury acquitted Green of possessing cocaine for sale but convicted him of the lesser included offense of unlawfully possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)).[2] At the subsequent bifurcated bench trial, Green admitted to serving a prison term for the robbery and to the two strike prior convictions for the lewd act and the robbery. The court sentenced him to total term of 26 years to life, consisting of 25 years to life for the third strike (§ 667, subd. (e)(2)) plus a consecutive one year sentence for the prison prior (§ 667.5, subd. (b)).

In 2022, the California Department of Corrections and Rehabilitation identified Green as an individual possibly serving a now legally invalid section 667.5, subdivision (b) enhancement after the enactment of Senate Bill 483. Through appointed counsel, Green filed a request for resentencing under section 1172.75. Following briefing and a hearing, the court concluded that Green was ineligible for resentencing based on his 1990 conviction under section 288, subdivision (a), for which he received a concurrent sentence. The court reasoned that the prison prior enhancement could have been imposed for the section 288, subdivision (a) offense because he served sentences for both the robbery and the lewd act as a single prison term.

---

[2] We take judicial notice of the portions of the record in Green's prior appeal as requested by the People.

3

On appeal, Green contends that (1) the court erred by concluding he is ineligible for resentencing because section 1172.75, subdivision (a) renders his section 667.5, subdivision (b) enhancement legally invalid; and (2) section 1172.75, subdivision (c) entitles him to a full resentencing.[3]  The People disagree that Green's prison prior enhancement is invalid; however, they concede that, if we determine the enhancement *is* invalid, the statute requires the sentence be recalled and Green resentenced.  Upon resentencing, they urge, Green's 25 years-to-life sentence must be reimposed because the section 288, subdivision (a) conviction is a super strike.

## A.    *Validity of the Prison Prior Enhancement*

The parties dispute the continued validity of the section 667.5, subdivision (b) enhancement based on recent amendments to resentencing law.  When Green was sentenced, section 667.5, subdivision (b) required the court to "impose a one-year term for each prior separate prison term served for any felony" when the prior prison term was "charged and admitted or found true in the action for the new offense."  (Former § 667.5, subds. (b) & (d); see Stats. 1997, ch. 504 (Assem. Bill No. 115) § 2.)  To prove a sentence enhancement under former section 667.5, subdivision (b), the People had the

---

[3]    Green requests judicial notice of two amicus curiae briefs filed in the case *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978 for their "analysis explaining why the Reform Act does not prevent otherwise eligible 'third strikers' from being re-sentenced under section 1172.75" as an alternative mechanism to section 1170.126 resentencing.  The People agree with that point.  As such, we accept that concession and deny Green's request for judicial notice as unnecessary to the resolution of this appeal.  (*Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809, 819 ["[B]ecause the proffered documents are not 'necessary, helpful, or relevant' to the resolution of the appeal, Pedrazzani's motion for judicial notice of these documents is denied."].)

burden to establish "that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Cal.4th 559, 563, 566 (*Tenner*).)

The Legislature amended section 667.5, subdivision (b), effective January 1, 2020, to impose a one year enhancement only for a prison term served for conviction of a sexually violent offense, rather than for any felony. (Senate Bill No. 136 (2018–2019 Reg. Sess.) eff. Jan. 1, 2020; Stats. 2019, ch. 590, § 1.) That amendment was given retroactive effect on January 1, 2022 by Senate Bill 483 (Stats. 2021, ch. 728, § 3), which added then-section 1171.1 (since renumbered as section 1172.75). Section 1172.75, subdivision (a) invalidates "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."

The validity of the prison prior enhancement turns on whether it was "*imposed* for a prior conviction for a sexually violent offense." (§ 1172.75, italics added.) This presents a question of statutory interpretation that we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) A court engaged in statutory interpretation seeks " ' "to determine the Legislature's intent so as to effectuate the law's purpose." ' " (*Ibid.*) We first look to the "plain and commonsense meaning" of the words of the statute, keeping the purpose of the statute and the "context of the statutory framework in mind." (*Ibid.*)

It is undisputed that the court imposed the section 667.5, subdivision (b) prison prior enhancement based on the prison term served for his prior robbery conviction, which was alleged in the information and admitted by Green. It is equally clear, however, that the People did not plead or seek to impose the section 667.5, subdivision (b) enhancement based on the prior section 288, subdivision (a) conviction. While they alleged for the purposes of Three Strikes law, that Green was previously convicted of a committing a lewd act upon a child in violation of section 288, subdivision (a), the information did not assert, nor did Green admit, that he served a separate prison term for that offense.

The reason for this omission seems reasonably clear. At the time, alleging and proving that the prior prison term was based on two convictions rather than just one was functionally unnecessary and superfluous. Only one enhancement was allowed for each prior prison term, and the enhancement applied to a prison term imposed for *any* felony. Pleading and proving multiple felonies would have been overkill.

All of which does nothing to change the fact that the section 667.5, subdivision (b) enhancement which became part of Green's 1998 sentence was not "imposed for" his conviction of a sexually violent offense as required by the plain terms of section 1172.75. While Green admitted to suffering a section 288, subdivision (a) prior *conviction*, the People never alleged, and he was never asked to admit that he served a prior prison term attributable to that conviction. It necessarily follows that the enhancement was not imposed on that basis.

The People contend that, for the purposes of section 1172.75, they were not required to have pled and proven that the enhancement was imposed for a sexually violent offense. We disagree. It has always been and remains true

6

that prior prison term enhancements may only be imposed when "charged and admitted or found true." (§ 667.5, subd. (d); former § 667.5, subds. (b) & (d).) Section 1172.75 in no way relieved the People of this requirement. It merely invalidated the vast majority of prior prison term enhancements, while preserving a narrow class in which the proper basis for the enhancement was both "charged" and "admitted or found true." Here, there was no charge, admission, or true finding that Green served a prison term for his section 288, subdivision (a) conviction, that was part of "a continuous completed period of prison incarceration imposed . . . . in combination with" the sentence on the robbery term. (§ 667.5, subd. (g).)

The People express concern that interpreting the statute in this manner will create a "loophole" allowing defendants such as Green, who suffered a conviction for a sexually violent offense, to avoid an enhancement that the Legislature intended to retain. But our role in construing a statute is "to determine the objective meaning of its provisions," and we cannot rewrite it "to conform to a presumed intent that is not expressed." (*People v. Statum* (2002) 28 Cal.4th 682, 692.) By focusing on charging and proving the basis for why the enhancement was "imposed," the Legislature has sought to protect a defendant's due process rights. (*Tenner, supra,* 6 Cal.4th at p. 566 ["Due process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt."].) *Tenner* remains binding authority, except to the extent that "a felony" is now limited to a sexually violent felony. The People did not charge, and likewise did not prove or obtain an admission, that Green was imprisoned as a result of the

7

lewd act conviction and that he completed that term of imprisonment as required by *Tenner*.[4]

The People's citation to *People v. White* (2014) 223 Cal.App.4th 512 (*White*) does not persuade us otherwise. In that case, the defendant was sentenced to 25 years to life under the Three Strikes law following a conviction of possession of a firearm by a felon in violation of section 12021, subdivision (a). (*White,* at p. 518.) The question was whether the defendant was excluded from section 1170.126 resentencing of his third strike indeterminate life sentence based on section 1170.126, subdivision (e)(2). (*White,* at p. 523.) Section 1170.126, subdivision (e)(2) excludes from resentencing defendants whose sentences were imposed for an offense during which "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Despite the absence of an allegation in the information that he was armed, the court concluded that White was ineligible for resentencing because the record of conviction established he had actual, not merely constructive possession of the firearm during the commission of the offense—as police approached him. (*White*, at pp. 524–525.) The prosecution's theory was that White was guilty of the offense of possession of a firearm because he had actual physical possession, and the defense conceded at trial that he had been armed with a firearm. (*Id*. at pp. 525–526.)

---

[4]    We would expect this situation to arise infrequently—a defendant must have served a concurrent term for a sexually violent offense and a nonsexually violent offense, and the information included a prison prior allegation based only on the nonsexually violent offense.

We decline to extend the reasoning of *White* outside of the context of that case, where the court concluded there was no distinction between possessing a firearm and being armed with a firearm when the defendant conceded actual possession. There was no question which offense resulted in the defendant's Three Strikes sentence, only whether that offense rendered him ineligible for resentencing. When two theories of the charged offense existed—actual possession and constructive possession (such as having a firearm locked away somewhere)—and the defendant's eligibility for resentencing depended on the prosecution's theory, the examination of the factual record is proper. Here, in contrast, Green had convictions for two offenses, only one of which was charged as the basis for the prison prior offense. Where the information alleged an enhancement based on one particular offense, and statutory amendments retroactively make the prison term served for that offense an invalid basis for the enhancement, we need not look outside the information and the defendant's admissions to determine whether the enhancement was *imposed* for a conviction that remains a valid basis for the enhancement. Here it was not.

In sum, we conclude that Green's prison prior enhancement is invalid because the information alleged, and Green admitted, the section 667.5 enhancement based solely on his robbery prison term without alleging that the lewd act prison term was concurrent.

## B.     *Resentencing Under Section 1172.75*

When a sentence is invalid under section 1172.75, subdivision (a), "the court shall recall the sentence and resentence the defendant" to "eliminat[e] the repealed enhancement" and "apply any other changes in law that reduce sentences or provide for judicial discretion." (*Id.*, subds. (c), (d)(1)–(2).) " 'By its plain terms, section 1172.75 requires a full resentencing,

9

not merely that the trial court strike the newly "invalid" enhancements.' " (*People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)  The People concede that if the section 667.5, subdivision (b) enhancement is invalid, "appellant is entitled to a full resentencing under the present version of the Three Strikes law."[5]  We accept the concession as appropriate.  Having concluded that Green's section 667.5, subdivision (b) enhancement is invalid, we remand for a full resentencing.

## DISPOSITION

The trial court's order denying Green's request for resentencing is reversed with directions to recall the sentence and conduct a full resentencing pursuant to section 1172.75.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

CASTILLO, J.

---

[5]     Despite their concession, the People go on to assert that Green "is ineligible for any further reduction in his sentence" under current law. These are arguments that should be presented to the trial court in the first instance on resentencing.