Filed 1/17/25  P. v. Doulphus CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097692 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR88402) |
| v. | |
| ALAN DUANE DOULPHUS, | |
| Defendant and Appellant. | |

Defendant Alan Duane Doulphus pled guilty to three counts of robbery and, following resentencing, now appeals his 25-year prison sentence, which includes a 20-year enhancement under Penal Code[1] section 12022.53, subdivision (c), for intentionally discharging a firearm in the commission of a robbery.  He raises eight claims of sentencing error.  We reject those claims.  In supplemental briefing, he argues the trial court erred in failing to calculate and award custody credits at resentencing.  The People agree, and so do we.  Accordingly, we will direct the trial court to calculate custody

---

[1] Undesignated statutory references are to the Penal Code.

1

credits and amend the abstract of judgment.  We will affirm the judgment in all other respects.

BACKGROUND

In an earlier appeal, a different panel of this court stated the underlying facts of Doulphus's crimes.  Doulphus and two codefendants, each armed with a firearm, entered a trailer on a marijuana farm in Tehama County and bound three workers with duct tape and zip ties.  When one of the workers broke free and tried to escape, Doulphus and one of his codefendants shot at him.  The codefendant's shots struck and killed the man. (*People v. Doulphus* (Sept. 28, 2018, C082044) [nonpub. opn.].)

Doulphus pled guilty to three counts of robbery, each with a section 12022.53, subdivision (c) enhancement for discharging a firearm, and to one count of voluntary manslaughter.  He was sentenced to 42 years four months in state prison.  There was no stipulated term as part of the plea agreement.  At sentencing, the trial court rejected Doulphus's argument for a mitigated term for the principal robbery conviction, instead imposing an aggravated five-year term for that count as part of the 42-year four-month total term.  (*People v. Doulphus* (June 30, 2022, C089263) [nonpub. opn.].)

In Doulphus's first appeal, the panel remanded to allow the trial court to determine whether to exercise its discretion to strike the firearm enhancements pursuant to Senate Bill No. 620, and otherwise affirmed.  On remand, the trial court struck the firearm enhancements as to two of the robbery counts, for a total term of 29 years.  When counsel suggested the trial court could dismiss or reduce the enhancements, the trial court replied that it could strike an enhancement but not reduce it.  Later, in *People v. Tirado* (2022) 12 Cal.5th 688, 697 our Supreme Court ruled that section 12022.53, subdivision (h) not only gives a trial court the authority to strike or dismiss a firearm enhancement, but also to impose a lesser firearm enhancement.  Accordingly, in Doulphus's second appeal, a different panel of this court remanded the matter for reconsideration of Doulphus's request to dismiss or reduce the sole remaining section 12022.53, subdivision (c) firearm

enhancement, and observed that at resentencing Doulphus was entitled both to renew his previous sentencing arguments and to make new ones. (*People v. Doulphus*, *supra*, C089263.)

While Doulphus's second appeal was pending, he and the prosecution stipulated to the dismissal of his manslaughter conviction.

At a December 2022 sentencing hearing, the trial court confirmed with the parties that it had to decide (1) whether to strike or reduce Doulphus's remaining firearm enhancement under section 12022.53, subdivision (h) and in the interest of justice pursuant to section 1385, and (2) whether to impose a low, middle, or aggravated term on the robbery offense. The trial court also confirmed that it had read the parties' December 2022 resentencing filings.

Defense counsel argued that Doulphus "was not responsible for that fatal shooting. In fact, there is no evidence at all to indicate that [he] fired a firearm" during the robbery. The trial court said, "Hold on . . . . Did he not admit personal use of a weapon?" Defense counsel replied, "That was part of the plea deal, correct." Defense counsel and the trial court discussed the factual basis of Doulphus's plea agreement that included section 12022.53, subdivision (c) enhancements for discharging a firearm. Defense counsel then asked the trial court to dismiss the sole remaining firearm enhancement, or at least reduce it from a 20-year enhancement to a 10-year enhancement (§ 12022.53, subd. (b)), arguing that Doulphus had been "a model inmate" "with no prior criminal history." Counsel also asked for the low term on the robbery offense.

Disagreeing with the notion there was no evidence Doulphus fired a weapon during the robbery, the prosecutor argued a 20-year firearm enhancement was appropriate. The prosecutor also conceded that given recent changes to California's sentencing laws, he would not be able to establish the factual basis for an aggravated term on the principal robbery count.

3

Noting that it was "very familiar with this case and has been since the beginning," when it exercised discretion to dismiss firearm enhancements on two of Doulphus's robbery counts, the trial court imposed a sentence of 25 years, consisting of the middle term of three years for the principal robbery count, consecutive one-year terms for the two other robbery counts (one-third the middle term), plus 20 years for the firearm enhancement under section 12022.53, subdivision (c). The trial court explained that in light of the circumstances of the case, it was not inclined to dismiss or reduce the sole remaining firearm enhancement. Whether or not Doulphus fired the shot that killed the robbery victim, the trial court explained, "his culpability is really the same as the other two" robbers and the "conduct [wa]s reprehensible." "Even with the information presented today," the trial court continued, "which does show he has in fact been a model inmate . . . in light of the conduct that [he] engaged in . . . the [c]ourt . . . declines to reduce or strike 12022.53 any further."

As for the principal robbery count, the trial court determined the middle term of three years was appropriate because—while it was "debatable" whether the trial court should consider Doulphus's conduct in prison—"the public safety issue still remains and it can in fact offset the issue of no [prior] criminal record," which was the one circumstance in mitigation that defense counsel articulated at the hearing.

The trial court ended the hearing after the parties indicated there was nothing more to discuss. Doulphus filed a notice of appeal with this court in January 2023. His opening brief was filed in December 2023, and this case was fully briefed on December 3, 2024.

DISCUSSION

I

*Senate Bill No. 81 and Section 1385*

A.    *Text of Section 1385*

Senate Bill No. 81 (2021-2022 Reg. Sess.) "amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) As amended, section 1385, subdivision (c)(1) states: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."

Section 1385, subdivision (c)(2) lists nine mitigating circumstances and states in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in paragraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." Section 1385, subdivision (c)(2)(C) further provides that when application of an enhancement could result in a sentence of over 20 years, "the enhancement shall be dismissed."

B.    *Analysis*

Four of Doulphus's eight contentions on appeal concern section 1385: (1) the trial court erred by failing to apply, at resentencing, the framework articulated by Division Two of the Second Appellate District in *People v. Walker* (2022) 86 Cal.App.5th 386, which held that Senate Bill No. 81's changes to section 1385 create a "rebuttable presumption" if any of the enumerated mitigating circumstances are present, and that presumption "obligates a court to dismiss [an] enhancement unless the court finds that

dismissal of that enhancement . . . would endanger public safety" (*Walker*, at p. 391); (2) the trial court made no finding that dismissal of the firearm enhancement would endanger public safety; (3) the focus of any analysis regarding whether public safety would be endangered should be on the time of a defendant's release from prison if the enhancement were to be stricken; and (4) section 1385, subdivision (c)(2)(C), required the trial court to dismiss the firearm enhancement because imposition of the enhancement resulted in a sentence of over 20 years.

Doulphus's first three contentions are unavailing in light of our Supreme Court's recent decision in *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), which rejected the "rebuttable presumption" approach adopted by the intermediate appellate court.

In *Walker*, our Supreme Court held that section 1385 "does *not* erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety," and "trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, *supra*, 16 Cal.5th at p. 1033, italics added; *id.* at p. 1029 ["a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present"].) Because our Supreme Court has rejected the framework that Doulphus contends the trial court should have applied, his first contention lacks merit.

Doulphus's second and third contentions also lack merit in light of *Walker*, which makes clear that even if one of the nine mitigating circumstances listed in section 1385, subdivision (c)(2) is present, a trial court *need not* make a finding that dismissal of an enhancement would endanger public safety before it can impose the enhancement. (*Walker*, *supra*, 16 Cal.5th at p. 1033; see *People v. Mazur* (2023) 97 Cal.App.5th 438, 446 ["The 'endanger public safety' language applies only as an exception to the requirement that the court must give 'great weight' to the presence of any mitigating circumstance"].)

For his fourth contention, Doulphus argues Senate Bill No. 81 gave trial courts discretion to do something they already could do:  dismiss an enhancement in furtherance of justice.  Given this unnecessary legislative act, Doulphus continues, the "better reading" of Senate Bill No. 81 and section 1385, subdivision (c)(2)(C) is that courts *must* dismiss an enhancement if its application results in a sentence of over 20 years.  We disagree with Doulphus's characterization of Senate Bill No. 81.  One nonredundant aim of the legislation was to ensure that sentencing courts "assign[] significant value to the enumerated mitigating circumstances when they are present."  (*Walker*, *supra*, 16 Cal.5th at p. 1029.)  But that assignation occurs in the context of a trial court's sentencing discretion.  (See *People v. Mazur*, *supra*, 97 Cal.App.5th at p. 445 [construed as a whole, § 1385 "makes clear that all the mitigating circumstances listed in subdivision (c)(2) merely guide the court's discretion in determining whether a dismissal is in furtherance of justice"]; *ibid* ["the 'shall be dismissed' language of the mitigating circumstances in" § 1385, subd. (c)(2)(C), read in the context of the entire statute, "only requires the court to dismiss the enhancement if it first finds that dismissal is 'in the furtherance of justice' "].)

## II

### *Consideration of Postsentence Conduct*

Citing the trial court's comment that it was "debatable" whether it should consider his conduct in prison at the December 2022 resentencing, Doulphus contends the trial court was unaware it could do so.  We agree with the People that this argument is belied by the record.  The trial court said that "[e]ven with" the showing that Doulphus "has in fact been a model inmate," it was disinclined to reduce or strike the sole remaining firearm enhancement.  The trial court specifically acknowledged the positive behavior and weighed it appropriately.  Viewing the trial court's comments in the light most favorable to the judgment, it appears the trial court was indeed aware that it could consider Doulphus's conduct in prison, but concluded that conduct did not warrant a

7

further reduction in his sentence. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it" when sentencing a defendant]; *People v. Tenner* (1993) 6 Cal.4th 559, 567 ["[o]ur function, as an appellate court, has been to review the record in the light most favorable to the judgment"].)

III

*Section 1170, Subdivision (b)(6)*

A.     *Statutory Text*

Section 1170, subdivision (b)(6) provides:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶]  (A) The person has experienced psychological, physical, or childhood trauma . . . ."

B.     *Analysis*

Doulphus contends the trial court did not consider section 1170, subdivision (b)(6)(A) at his December 2022 sentencing when it imposed the middle term for the principal robbery.  Conceding that counsel below did not argue the point, Doulphus observes counsel did ask for the low term and did present evidence of psychological and childhood trauma in connection with his effort to convince the trial court to strike or reduce the gun enhancement.  We agree with the People that this argument is forfeited on appeal because Doulphus did not raise it below.

When making sentencing choices, trial judges are "confronted with a maze of statutes and rules, the intricacy of which rival the Internal Revenue Code.  By reason of this complexity and the ever-changing guidelines, sentencing error is not uncommon.  In an effort to avoid error, it is therefore reasonable to place the obligation to formulate specific objections squarely on defense counsel." (*People v. De Soto* (1997) 54

8

Cal.App.4th 1, 9.)  Thus, "claims of error in the trial court's exercise of its sentencing discretion are . . . forfeited if not raised at the sentencing hearing." (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)

Presenting evidence that may implicate a statute (here, § 1170, subd. (b)(6)(A)) does not amount to formulation of a specific objection that the trial court has misapplied that statute. (See *People v. De Soto*, *supra*, 54 Cal.App.4th at p. 9; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [claim that the trial court abused its discretion in not applying § 1170, subd. (b)(6) forfeited where the defendant did not seek the lower term based on the statute].)  Because Doulphus did not assert nor connect his request for the low term to his evidence of psychological and childhood trauma, this claim is forfeited on appeal.

IV

*Ineffective Assistance of Counsel*

Doulphus argues that if we conclude his section 1170, subdivision (b)(6) claim is forfeited on appeal then sentencing counsel's failure to preserve it violated his right to effective assistance of counsel and we should address the merits of the claim.  We disagree.

To establish constitutionally ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient, and the deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.)  We defer to trial counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel. (*People v. Weaver* (2001) 26 Cal.4th 876, 925.)  And on direct appeal, "competency is presumed unless the record affirmatively excludes a rational basis for the trial attorney's choice." (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1260, italics omitted.)  "If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or

9

there simply could be no satisfactory explanation." (*People v. Gray* (2005) 37 Cal.4th 168, 207.)

Here, we discern a plausible tactical reason why sentencing counsel chose not to invoke Doulphus's evidence of psychological and childhood trauma in connection with the request for the low term for the robbery: counsel may have been trying to maintain credibility with the trial court by not asking for too many favorable sentencing choices. The difference between the low term and the middle term for Doulphus's robbery was one year. (See § 213, subd. (a)(2) [two-three-five sentencing triad].) But the difference between a section 12022.53, subdivision (c) firearm enhancement and a section 12022.53, subdivision (b) firearm enhancement is 10 years. Counsel reasonably may have decided to focus his arguments on the more consequential sentencing choice that the trial court faced.

V

*Due Process Violation*

Doulphus contends the trial court's sentencing error violated his constitutional due process rights. As Doulphus has not demonstrated any sentencing error, this claim lacks merit.

VI

*Custody Credits*

Doulphus argues in supplemental briefing that the trial court erred in failing to award custody credits for the time he spent in prison between the date of his original sentencing and the 2022 resentencing. The People concede this issue, and we agree.[2]

---

[2] Doulphus also suggests the original calculation of custody credits was incorrect by several days. We agree with the People that this issue can be resolved in the trial court on remand. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 188 ["instances may . . . arise in which an appellate court concludes a trial court is better able to correct a certain type of error"].)

10

A defendant is entitled to custody credit for the time between imposition of the sentence and resentencing.  (§ 2900.1 [when a sentence that a defendant is currently serving is modified, the time already served shall be credited upon resentencing]; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 [when a resentencing occurs and results in modification of a felony sentence during the term of imprisonment, "the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence,' " but not award conduct credit].)

When the trial court sentenced Doulphus in 2016, it awarded 1,092 days of custody credit (950 actual days plus 142 of conduct credit).  The trial court awarded the same number of custody credits at the 2022 resentencing, thereby failing to award any actual custody credits for the time Doulphus spent in prison between the original sentencing and the 2022 resentencing.  This was error.

## DISPOSITION

The trial court is directed to recalculate Doulphus's custody credits, prepare an amended abstract of judgment incorporating those credits, and forward the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


       /s/
BOULWARE EURIE, J.

We concur:


    /s/
EARL, P. J.


    /s/
RENNER, J.

11